Action to declare void a certain deed and to restrain the defendant from cutting timber on the land described in it. The following is a copy of the deed:
For and in consideration of the sum of one hundred and thirty-two dollars and seventy-five cents ($132.75), in hand paid by the grantee to the grantors, the receipt of which is hereby acknowledged, A. A. Woody and wife, Lydia, have bargained and sold and by these presents transfer and convey to Tate L. Ernest, agent, the following described timber standing in the tree, as follows, to wit: 36 poplar and 7 ash of the diameter of 24 to 30 inches in diameter, and 45 poplars 30 inches (472) and over, and 2 ash 30 inches and over, and the following other trees 24 inches and over in diameter: 9 cucumbers, 13 lynn, 111 chestnut oaks, 11 white oaks and 25 other oaks, making a grand total of 153 trees, all of which said trees are standing at this date on the following described land of the grantors, to wit: Situated on Bush Creek of Toe River and adjoining the lands of Moses Fox and others, W. H. Deyton and others, containing 100 acres, more or less, situated in the county of Yancey and State of North Carolina, which trees are branded thus:
To have and to hold to said grantee, and successors and assigns, with usual covenants of seizin, right to convey, unencumbrances and general warranty, together with the right of way over, through, and upon any lands belonging to said grantors, for the removal of any timber belonging to said grantee or successor or assigns, provided adequate and reasonable damages are paid for any injuries done to any growing crops which may then be upon said lands. Should the grantors clear any of the lands on which said timber stands, they shall be at liberty to deaden such trees as stand within such cleared land after the lapse of five years from this date, provided they shall first give the owner of the timber six months *Page 375 
written notice of their intention to deaden; and in consideration of the foregoing premises the grantors agree to protect said timber as long as it may remain upon said lands.
Witness our signatures and seals, this ________ day of March, 1900.
 A. A. WOODY. (L. S.) LYDIA WOODY. (L. S.)
From an order dissolving the temporary injunction, the plaintiff appealed.
It is contended that the deed is void under the authority ofMfg. Co. v. Hobbs, 128 N.C. 46. The instrument construed in that case is unlike this in every respect. This is an absolute (473) conveyance of so many trees marked and branded, and contains no clause limiting the time within which they may be removed. It is possible the courts may so construe the meaning of the deed as to require the grantee or those claiming under him to remove the trees within some reasonable time. Bunch v. Lumber Co., 134 N.C. 116. But as it is plain that the time within which the defendant may enter and remove the trees has not yet expired, the injunction was properly dissolved.
If the plaintiff desires to clear the land he may give the six months notice required in the instrument and compel the removal of the trees, or he may deaden them with impunity.
Affirmed.
Cited: Lumber Co. v. Smith, 146 N.C. 161.