NORFOLK LUMBER COMPANY et al. v. M. A. and E. S. SMITH.

(Filed 27 November, 1907).

1. **Deeds and Conveyances—Timber Contracts—Time Limited—Interpretation of Contract.**

When, under a contract to convey all the timber of specified dimensions upon certain described lands, it is stipulated that the bargainor, "his heirs and assigns, shall have four years to cut, haul and remove said timber from the lands, and, if a longer time is desired to remove the timber, right is hereby granted, upon the payment of eight per cent. upon the purchase price for the time it takes after the expiration of the four years herein granted," etc., he or those claiming under him should at least have begun the cutting and removal of the timber within the four-years period, as, by interpretation of the contract, the extension of time was given in the event the period therein specified should be found insufficient for the purpose.

**2. Same—Timber Contracts—Time Limited—Injunction.**

When it appears that the bargainee, or the plaintiff claiming under him, has slept upon his rights to remove, under a contract to convey, the timber upon certain described lands within the specified time, and that within such period he has not commenced to so remove the timber, it is proper to dissolve plaintiff's restraining order upon the hearing, it being apparent that he will eventually fail in his suit.

CIVIL ACTION, heard before *Jones, J.,* at May Term, 1907, of the Superior Court of HARNETT County.

This is an action brought for an injunction against the cutting of timber on the land described in the pleadings, containing 375 acres and known as the "Smith tract." The question in the case for our consideration arises upon the construction of a contract between J. D. Barnes and James E. Ethridge, the plaintiffs having acquired the interest of Ethridge under the said contract by *mesne* conveyances or assignments, and the defendants having acquired the title and interests of J. D. Barnes by a deed to M. A. Smith, whose husband and co-defendant, E. S. Smith, cut the timber by her permission and authority. The material part of the contract between Barnes and Ethridge is as follows:

"In consideration of the sum of $1,400 in cash, the receipt of which is hereby acknowledged, I have this day agreed to bargain and sell, and by these presents do bargain and sell, to James E. Ethridge, of Norfolk, Va., his heirs and assigns, with the privilege of moving, as hereinafter stated, at any time within four years from date, subject to the conditions hereinafter contained, all of the pine sawmill timber of the following dimensions: That is, twelve inches in diameter at the stump at the time of removing, on that tract or parcel of land situated in the county of Harnett and the State of North Carolina, and bounded as follows: (Description here given). The said James E. Ethridge, his heirs and assigns, shall have four years to cut, haul and remove said timber from the land, and if longer time is desired to remove the timber, right is hereby granted, upon the payment of eight per cent. per

annum on the purchase price for the time it takes after the expiration of the four years herein granted, together with the rights and privileges, for and during the said period from this date, of his agents, heirs or assigns to enter upon said land or any other land owned by him, and to pass and repass on the same at will, on foot or with teams and conveyances; to build lumber camps, stables and other fixtures; to cut and remove the said timber, and to construct and operate any roads, tramroads or railroads over and upon said lands as the said James E. Ethridge, his heirs or assigns may deem necessary for cutting and removing said timber; and to use such trees, underwood and brush on said land as may be needed in the construction and operation of said roads, tramways and railroads; and to use and operate any railroad, tramways or roads that the grantee herein, or his heirs, may construct or cause to be constructed, so long as they may desire, not exceeding two years, (with) the right to remove any and all fixtures, roads, railroads and tramways or anything put up by said James E. Ethridge, his heirs or assigns, on said lands."

His Honor, *Judge Jones,* issued a restraining order to stop the cutting and removal of timber, and an order to show cause why the injunction should not be continued to the final hearing, at which time he refused to continue the injunction, and the plaintiffs appealed.

*Rose & Rose* for plaintiffs.
*E. F. Young* and *J. C. Clifford* for defendants.

WALKER, J., after stating the case: It seems to us that the presiding Judge correctly interpreted the agreement between Barnes and Ethridge. The parties evidently intended that Ethridge should begin the cutting and removal of the timber within the first four years, and the additional two years was granted, not as an original period for the cutting and removal, but for the purpose of enabling Ethridge to complete the cutting and removal commenced during the four years, provided

it should be found that it was not sufficient time for cutting and removing all the timber from the land which is described in the complaint. Surely it was not the intention of the parties that Ethridge should lie by and not cut a tree during the four years and then claim the right to cut and remove the timber during the two supplementary years. They were allowed, as we have said, for the purpose of completing the cutting and removal, and not as additional time to provide against the delay and laches of Ethridge in performing the work. The plaintiffs' construction of the contract is utterly inadmissible. Our opinion, therefore, is that Ethridge should have begun cutting and removing the timber within the four years, and if, in the exercise of reasonable diligence, he was not able to finish during said period, then it is provided that he shall have the additional time, not exceeding two years, to complete the work. It was admitted that Ethridge did not attempt to cut or remove a single tree during the four years first allotted to him. Would it not be a perversion of the terms of the contract to permit him to take advantage of his neglect and to use any part of the two years to cut and remove the timber, which were merely intended to supplement the four years to the extent that further time was needed to do what could not be done within that period? The stipulation is, not that if another full term is required to begin and finish the work, but if *longer* time is required for that purpose. This necessarily implies that at least some of the cutting and removing should be done during the first-mentioned period. The plaintiffs cited in support of their position the cases of *Hawkins v. Lumber Co.,* 139 N. C., 160; *Lumber Co. v. Corey,* 140 N. C., 462; *Mining Co. v. Cotton Mills,* 143 N. C., 307; *Woody v. Timber Co.,* 141 N. C., 471. Those cases are not in point. They relate altogether to a different question from the one presented in this case. *Bunch v. Lumber Co.,* 134 N. C., 116, is also referred to in the plaintiffs' brief; but that case, as well as *Hawkins v. Lumber Co.,* decides that the party

146—11

who has by a contract been given permission to cut and re-move timber must proceed to do so with reasonable diligence, where no time is fixed. And so in this case it was not con-templated that Ethridge should waste the whole period of four years by idleness or inaction and claim the right to cut and remove the timber during the time limited for finishing the work. If we give such a meaning to the contract it will con-travene the plainly expressed will of the parties, and it cannot be warranted by any recognized rule of construction. If we should so decide, both the spirit and the letter of the agree-ment would be violated. The law does not permit a party to sleep upon his rights. He must be diligent.

The case of *Lumber Co. v. Cedar Co.,* 142 N. C., 411, also cited, has no application to the facts stated in the record. That decision was based upon the statute which requires a bond to be given by the defendant in certain cases if an in-junction is refused. But why do the vain thing of requiring a bond in this case, when it is apparent that the plaintiff *must* eventually fail in its suit?

The ruling of His Honor in refusing to continue the in-junction to the final hearing, being right, is affirmed.

No Error.