NORFOLK LUMBER COMPANY ET AL. V. M. A. AND E. S. SMITH.

(Filed 10 March, 1909.)

Deeds and Conveyances—Interpretation—Words Employed—Construed as a Whole—Intent—Time to Cut and Remove—Injunction.

A deed conveying timber of a certain dimension on a described tract of land for a fixed price, granting four years in which to cut, haul and remove the same, and granting an extension of two years, at the grantee's option, upon payment of interest on the purchase price, should be construed as a whole and the intention of the parties gathered from the language used; and when, by placing the words in their proper relation to each other and the subject-matter of the contract, it appears that the right to cut, as well as to remove, was included in the extension of time, and the grantors were duly notified beforehand of the purpose to exercise the option, the time of commencing to cut is not limited to the first period. The injunction should have been continued to the hearing.

CLARK, C. J., and WALKER, J., dissenting.

ACTION heard upon proceedings for a restraining order by *Jones, J.,* at May Term, 1907, of HARNETT.

Plaintiff appealed.

This case was heard and decided at the September Term, 1907 (146 N. C., 158). A petition to rehear was filed and ordered to be docketed. The facts upon which the decision was based are set out in the report of the case and need not be repeated, except in so far as they may be necessary to dispose of the petition to rehear.

*Rose & Rose* and *Shepherd & Shepherd* for plaintiffs.
*E. F. Young, J. C. Clifford* and *Stewart & Muse* for defendants.

CONNOR, J. When this case was before us at a former term it was argued only on one side, plaintiffs' counsel filing a brief. Our attention is now called to language in the deed from Barnes to Etheridge, under which plaintiffs claim title to the timber, which was not then adverted to or discussed. The decision went upon the view that the clause giving the grantee the right to

call for an extension of two years after the expiration of the original term granted was confined to the removal of the timber. After a careful reconsideration of the language of the entire deed, we are of the opinion that we failed to give full effect to all of its provisions and adopted a construction unduly restrictive of the plaintiffs' right. Following the premises, a description of the land, etc., the entire deed is in the following language:

"For and in consideration of the sum of $1,400 in cash, the receipt of which is hereby acknowledged, I have this day agreed to bargain and sell, and by these presents do bargain and sell, to James E. Etheridge, of Norfolk, Va., his heirs and assigns, with the privilege of moving, as hereinafter stated, at any time within four years from date, subject to the conditions hereinafter contained, all of the pine sawmill timber of the following dimensions—that is, 12 inches in diameter at the stump at the time of removing—on that tract or parcel of land situated in the county of Harnett, in the State of North Carolina, and bounded as follows, to wit: Consisting of about 375 acres, more or less, and known as the Smith tract, bounded on the north by A. R. Wilson and William Fowler estate lands; on the east by John Williams and Fowler estate; south by Byrd Bros., who bought the southern part of said tract, by their line to Parker Covington land, and by his line to the beginning. The said James E. Etheridge, his heirs and assigns shall have four years *to cut, haul and remove* said timber from said land; and if longer time is desired *to remove* said timber the right is hereby granted, upon the payment of eight per cent per annum upon the purchase price for the time it takes after the expiration of the four years herein granted, together with the right and privileges for and during the said period from this date; that his agents, heirs or assigns to enter upon said land or any other land owned by him, and to pass and repass on the same at will, on foot or with teams and conveyances; to build lumber camps, stables and other fixtures; *to cut and remove the said* timber, and to construct and operate any roads, tramroads or railroads over and upon said lands as the said James E. Etheridge, his heirs or assigns may deem necessary for *cutting and removing* said timber, and to use such trees, underwood and brush on said

land as may be needed in the construction and operation of said roads, tramways and railroads, and to use and operate any railroads, tramways or roads that the grantee herein or his heirs or assigns may construct or cause to be constructed, so long as they desire, *not exceeding two years;* the right to remove any and all fixtures, roads, railroads and tramways or anything put up by said James E. Ethridge, his heirs or assigns on said lands."

Eliminating unnecessary verbiage, the clause in respect to the extension of time reads as follows: "Said E. * * * shall have four years *to cut, haul and remove* said timber from said land; and if longer time be required to *remove* said timber the right is hereby granted, upon the payment of eight per cent per annum upon the purchase price for the time it takes after the expiration of the four years herein granted; * * * *to cut and remove* the said timber and to construct and operate such roads * * * as the said E. * * * may deem necessary for *cutting and removing* said timber, so long as they may desire, not exceeding two years." It thus appears that the extension of two years includes the right to "cut and remove," these words being connected with and placed in their legitimate relation to the words "herein granted." In this way we think a natural interpretation is given the instrument and all parts of it given effect, which is the primary purpose of all construction. To eliminate the words "to cut" and "cutting," leaving only the words "remove" and "removing," is not allowable. It is elementary that it is the duty of the court to ascertain and effectuate the intention of the parties to written instruments, but it is also elementary that they must gather intention from the language used. No question is raised in regard to the reasonableness of the time granted to cut and remove. The original period of four years extended, "not exceeding two," makes in all six years, and this has never been suggested as unreasonable. There is no uncertainty respecting the time when the grantee must begin to cut; hence none of the questions in that respect which have been before this and other courts are involved here. The simple question is whether by the language of the deed the extension from and after the expiration of the four years includes the

right to *cut* as well as *remove* the timber sold to the grantee.
For the reasons given, we think it does. Plaintiff, the assignee
of Etheridge, before the expiration of the original period, gave
notice that it desired an extension of "four years." Of course,
it was not entitled to so long a time, but its error in this respect
did not work a forfeiture of its right to two years. Defendant
denied that it was entitled to any extension, and began to cut
the timber. In this they were interfering with plaintiff's
right. Fully recognizing the wisdom of adhering to our deci-
sions, we as fully recognize our duty, when, by inadvertence or
a failure to correctly interpret the language of an instrument
or to give due weight to controlling reason and authority, we
have fallen into error, to correct it at the earliest opportunity.
The petition must be granted and the order heretofore made
reversed. The injunction should have been continued to the
hearing. This will be certified to the Superior Court of Har-
nett, to the end that further proceedings may be had in accord-
ance with this decision.

Petition Allowed.

CLARK, C. J., dissenting: There is no reason shown, in my
judgment, to disturb the unanimous decision of this Court, as
set out in the well-considered opinion of the Court in 146 N.
C., 158.

The contract provides for "four years to *cut,* haul and remove
the timber from said lands." It further provides that "if longer
time is desired to *remove* the timber" two years additional are
allowed for that purpose, upon payment of 8·per cent interest,
etc. We look in vain in the contract of the parties for any
right to "cut" a single stick of timber after the lapse of four
years. The evident intent of the parties, as expressed by them-
selves in their contract, was (1) four years in which to "cut
and remove"; (2) two years thereafter to "remove" any timber
which had been cut during the four years, but which had not
been removed at the expiration of that period. The incidental
powers are conferred for the execution of the above rights, *i. e.,*
to enable the vendee to "cut and remove" during the four years,
and to "remove" during the two additional years timber which
was cut but not removed at the end of the stipulated time. These

incidental powers are not to be construed to extend the stipulated rights, which do not embrace any right to "cut" after the expiration of the four years. The operation of the railroad during the two years is to "remove" timber already cut. It does not authorize the cutting of more timber.

WALKER, J., dissenting: I concur in the dissenting opinion of the Chief Justice. In order to understand the question presented in this case, it will be necessary to set out the language of the latter portion of the contract which we are construing and italicize some of its words. That part of the contract is as follows: "The said James E. Etheridge, his heirs and assigns, shall have four years to cut, haul and remove said timber from said land, and if longer time is desired to remove said timber the right is hereby *granted,* upon the payment of eight per cent per annum upon the purchase price for the time it takes after the expiration of the four years herein granted, together with the right and privileges for and during the said period from this date, and his agents, heirs or assigns to enter upon said land or any other land owned by him, and to pass and repass on the same at will, on foot or with teams and conveyances, to build lumber camps, stables and other fixtures, *to cut and remove* the said timber, and to construct and operate any roads, tramroads or railroads over and upon said lands as the said James E. Etheridge, his heirs or assigns may deem necessary for cutting and removing said timber, and to use such trees, underwood and brush on said land as may be needed in the construction and operation of said roads, tramways and railroads, and to use and operate any railroad, tramways or roads that the grantee herein or his heirs or assigns may construct or cause to be constructed, so long as they may desire, not exceeding two years; the right to remove any and all fixtures, roads, railroads and tramways or anything put up by said James E. Etheridge, his heirs or assigns on said lands." It is explicitly stated in the contract, as will be seen by a perusal of it, that the right to *cut* and remove the timber is limited to four years from the date of the contract. This provision appears twice in the instrument. The extension of two years is

restricted to removing the timber which has been cut. The elliptical form of the contract, as given in the opinion of the Court, which the Court considers as containing its substance or material parts, is, in my judgment, apt to mislead, and the selection of the portions of the contract, as thus made, is, I believe, what has led the Court into error. The part omitted by the Court between the word "granted," which I have italicized, and the words "to cut and remove," which I have also italicized, in the copy of the contract above set forth, cannot be excluded without doing violence to the real intention of the parties. They must be included in any consideration of the contract for the purpose of ascertaining what the parties meant. I cannot agree with my brethren of the majority that words so essential to the completeness of the whole may be excluded as an immaterial part thereof, when we come to construe the contract, and that words or phrases widely separated by the parties themselves, in expressing their meaning, should thus be brought into juxtaposition. I know of no rule of interpretation justifying such a course. On the contrary, the elementary rule of construction is that effect should be given to every part of the contract. The parties separated by the omitted words the parts thus brought together or closely associated by the Court in its opinion, and for the very purpose of clearly showing their intention. The privilege of ingress and egress and the right given of building lumber camps, stables and other fixtures, "to cut and remove the said timber," evidently means that Etheridge should have such right and privilege *for the purpose* of cutting and removing, as previously provided in the contract. This is made clear by the clause which immediately follows: "and to construct and operate any roads, tramroads or railroads over and upon said lands as the said James E. Etheridge may deem necessary *for* cutting and removing said timber," with the right to use and operate the said roads for the purpose of cutting during the four years and removing within the additional time, not to exceed two years. The parties, in language that should not be misunderstood, agreed that Etheridge should have four years to *cut* and two years to *remove* the timber already cut, if so much additional time was desired, and when, in a subsequent

part of their contract, they used the words "to cut and remove," so much relied on in the opinion of the Court, they referred by the clearest implication to the division of time as already fixed— that is, four years for cutting and as much as two additional years for removing—and the said words "to cut and remove" were not, as I have stated, intended to confer the right to cut for two additional years, but have reference to the purpose for which the privilege of ingress and egress and the right to construct roads, etc., were given. But this is not all that can be said in support of the view entertained by the Chief Justice and myself. In the opinion of the Court all reference to the first clause of the contract is entirely omitted and emphasis placed on the concluding portion. Even as thus considered, we think the construction of the Court is erroneous. I have discussed the case, though, so far, upon a consideration only of the latter portion of the contract, to which the opinion of the Court is confined, without giving effect to all that is said by the parties therein. It is not permissible to refer only to a part or to detached parts of the contract. The first clause of the contract must also be considered, for we must look at the instrument as a whole, and see and understand every part, in order to arrive at the true meaning of the parties. In the beginning, J. D. Barnes, the owner of the timber, sells it to James E. Etheridge for four years, "with the privilege of removing, as hereinafter stated," for the consideration of $1,400. What is the privilege of removing to which reference is made? We find, upon reading the contract, that there is provision *thereinafter* made for cutting and removing during four years from date; "and if longer time is desired to remove said timber the right is granted, upon the payment of eight per cent per annum on the purchase price for the time it takes after the expiration of the four years herein granted." If the parties did not intend that there should be two periods of time—one for four years in which to cut and remove and, if desired, one for as long a time as two additional years to remove only—why did they twice state in their contract that there should be a time for cutting and an additional time allowed for removing? The Court attaches no sufficient importance to this clearly worded provision of the contract, showing

unmistakably the intention of the parties. Besides, and this would seem to make the meaning of the parties, as we contend it is, exceedingly plain, the consideration for the extension of the time is not anything to be paid for the trees which might be cut during that time, as would be natural, but merely eight per cent interest on the original consideration for cutting and removing during the four years, which interest was manifestly charged, not for trees to be cut, but as a reasonable rent or compensation for the use of the land while the trees already cut were being removed. We have held that a contract like this one conveys to the grantee only the timber which is cut during the time specified for cutting, and the title to the timber which is not cut during that time remains in or reverts to the grantor. *Bunch v. Lumber Co.,* 134 N. C., 116; *Hawkins v. Lumber Co.,* 139 N. C., 160. Can it be supposed that Barnes intended or Etheridge understood that the latter should cut trees during the two additional years without paying anything for them? Etheridge might have cut diligently for the first four years and not have exhausted all the trees of the specified dimensions, and yet, under the construction of the court, he could cut for two more years without paying for the trees, but by simply paying interest on the amount of consideration named in the contract for cutting four years. It seems to me that the Court has substituted for the plainly expressed intention of the parties one which is not warranted by the terms of the contract, and has disregarded language which, to my mind, can have but one meaning. If it was intended that Etheridge should have two additional years to *cut* and remove, why was this intention not expressed in the clause extending the time, which is worded as follows, "if longer time is desired to remove said timber the right is hereby granted"? Here is language capable of but one construction; and if it is to be given a meaning the very reverse of that it plainly conveys, the intent of the parties that it should have the opposite meaning should appear unmistakably, so as to force upon us the conviction that, while they have used language apt and sufficient to express the meaning that the additional time was allowed only for the removal of the cut timber, they in fact did not mean what they have said, and so clearly

said. There is no language in the contract which leads to such a strange result. In construing a contract we seek for the intention of the parties, but this must be found in the words which they have used to express it. We can know what they meant only by what they have said, and, when their meaning is once plainly stated, we may do great injustice if by resorting to language of doubtful signification in some other part of the instrument, and especially language relating to a different subject, we reverse the clearly expressed intention of the parties. Even if there is any seeming conflict in the terms of the contract—and there is not—we should try to reconcile them, if possible; and if this cannot be done, and one of them must be rejected, that which is certain should be preferred to what is vague and uncertain. My conclusion is that the parties have stated in no uncertain terms that the additional time, not exceeding two years, was allowed for removing the timber which had been cut within the four years.

The effect of the decision in this case will be to permit a large number of resident and nonresident lumber companies, who have similar contracts to the one now under construction, to destroy what is left of our forests without any just or adequate compensation to the owners, a right which I do not think the parties could have had in contemplation when the contracts were made.