L. H. HORNTHAL v. W. H. HOWCOTT AND MACK LINYEAR.

(Filed 22 February, 1911.)

Deeds and Conveyances—Reservations—Timber Deeds—Interpretation.

The plaintiffs conveyed by deed certain described standing timber on their lands not less than 11 inches on the stump when cut, with the right to enter and to cut and to remove said timber within four years from the date of the deed; and thereafter, but before the expiration of the four years given for the cutting and removal of the timber, they conveyed to the defendant the lands described in the deed for the timber, with a provision, after describing the lands, "that the certain timber had been previously sold, etc., and is excepted from this deed." This action involves the title to the timber embraced in the timber deed and not cut and removed within the period of time therein specified, as between the grantor and grantee in the deed for the lands: *Held*, the intent of the grantor is to be gathered from the two deeds, and the legal effect of the deed to the defendant is to convey the land and all the timber thereon not cut and removed by the grantee in the timber deed, in accordance with its provisions, within the four years therein named.

APPEAL by defendants from *J. S. Adams, J.*, at Fall Term, 1910, of WASHINGTON.

The facts are sufficiently stated in the opinion by *Mr. Justice Allen.*

*W. M. Bond and W. M. Bond, Jr., for plaintiff.*
*Gaylord & Gaylord for defendants.*

ALLEN, J. This action was instituted to determine the title to certain pine and poplar timber standing on the land de-

scribed in the complaint. The plaintiffs are L. H. Hornthal and Flora Sheleeman, who is the only heir at law of Louis Hornthal, deceased. It appears from the record that prior to 5 May, 1900, L. H. and Louis Hornthal were the owners of said land, and that on that day they executed to the John L. Roper Lumber Company a deed by which they conveyed all the pine and poplar timber on said land, not less than 11 inches on the stump when cut, with the right to enter and to cut and remove said timber within four years from the date of the deed, and that on 30 October, 1902, they (L. H. and Louis Hornthal) executed a deed to the defendants, by which they conveyed the tract of land on which the timber conveyed to the Roper Lumber Company was situate. This last deed to the defendants contains the following provision, after the description of the land, upon which the settlement of the controversy depends: "The pine and poplar timber having been previously sold to the John L. Roper Lumber Company, and is excepted from this deed." The case was submitted to the Superior Court on these facts, the defendants reserving certain exceptions to the refusal of the judge to admit evidence offered by them, which need not be considered.

The plaintiffs contend that the effect of the provision in the deed to the defendants is to except from the operation of the deed all the pine and poplar timber on the land measuring 11 inches and more, and that they are the owners of all of said timber not removed in four years, and defendants say that it excepted the timber conveyed to the Roper Lumber Company, and that the timber conveyed was such as was cut in four years, and that all of the timber not cut and removed in four years passed to them under their deed. The judge presiding at the trial sustained the contention of the plaintiffs, and in this we think there is error.

The object of courts in the construction of a paper-writing is to discover what the parties to it intended, and whether apt language has been used to give effect to the intention. Ordinarily, this must be gathered from the paper itself; but every act has its connections and associations, and to be understood must be placed in its appropriate setting. At the time the deed to

the defendants was executed, the four years within which the Roper Lumber Company had the right to cut and remove the timber had not expired, and there is nothing to indicate that they did not expect this right to be exercised. The plaintiffs were executing a deed conveying the land to the defendants, and they had previously executed a deed to the Roper Lumber Company, conveying timber, and were familiar with its terms. They knew it was usual to fix the time within which the timber could be removed, and to reserve the right to enter for the purpose of cutting and removal. It is true, it is not necessary to state any time within which the timber is to be removed, in a deed conveying the land and reserving the timber, and that the grantor in such deed "is not providing for timber cutting, but reserving a right, and should be entitled to hold till this is put an end to by the grantee's giving notice for a reasonable time, so that the grantor may elect to cut or sell this right to another." *Mining Co. v. Cotton Mills,* 143 N. C., 308, and that the grantor has the right to enter for the purpose of removal, without expressly reserving it (Am. and Eng. Enc. L., vol. 28, p. 543); but it is not probable, if the plaintiffs thought they had any interest in the timber, that they would have left important rights like these to depend on judicial construction, knowing, as they did, that similar provisions were in the deed they executed and that they were inserted to protect the rights of the owner of the timber. The deed contains covenants of seizin and warranty and one against encumbrances, and the purpose of the parties in inserting the provision under consideration was to protect the grantor against these covenants, the deed to the Roper Lumber Company being regarded as an encumbrance.

The language of the exception seems to put the matter at rest. It is: "The pine and poplar timber having been previously sold to the John L. Roper Lumber Company, and is excepted from this deed." If, then, we determine what timber had been previously sold to the Roper Lumber Company, we fix the scope and extent of the exception. In speaking of a timber deed like this, *Justice Hoke* says, in *Hawkins v. Lumber Co.,* 139 N. C., 162: "The true construction of this instru-

ment is that the same conveys a present estate of absolute ownership in the timber, defeasible as to all timber not removed within the time required by the terms of the deed"; and this statement of the law is approved in *Lumber Co. v. Corey,* 140 N. C., 467.

It follows from this construction, that at the expiration of four years, under the terms of the deed, the Roper Lumber Company had no title to the timber not removed, and that the effect of the deed was to convey to the lumber company all the pine and poplar timber cut and removed within four years, and no more. The exception is no broader than this. Therefore, the deed of the plaintiffs to the defendants conveys the land and all the pine and poplar timber not cut and removed by the Roper Lumber Company within four years from the date of the deed to it.

The case of *Strasson v. Montgomery,* 32 Wis., 52, seems to be directly in point. In that case one Gleason, who was the owner in fee of the lands, conveyed the timber thereon to one White, on 4 December, 1866, and gave him four years within which to remove it. In September, 1867, the said Gleason conveyed the land to the plaintiff Strasson, by deed containing the following provision: "excepting and reserving a certain amount of timber heretofore sold Elias N. White." White conveyed his interest in the timber to the defendant, who entered after the expiration of the term of four years and cut the timber, and the plaintiff sued to recover damages. It was held that the plaintiff was entitled to recover. The Court says, on page 57: "The former conveyance was of all trees and timber on the premises, with the proviso that White should take the same off the land within four years, or by 4 December, 1870. It is well settled, on principle and by authority, that the legal effect of the instrument is that Gleason thereby conveys to White all of the trees and timber on the premises which White should remove therefrom within the prescribed time, and that such as remained thereon after that time should belong to Gleason or to his grantee of the premises. Having thus ascertained what Gleason conveyed to White, we are next called upon to determine the legal effect of the exception or reservation in the deed

to the plaintiff. The language is, 'excepting and reserving a certain amount of timber heretofore sold to Elias N. White.' But we have already seen that the timber sold to White was only such as he should take off the premises by 4 December, 1870. Hence, the timber remaining on the premises after that date is not included in the above language, and is not excepted or reserved at all."

This case is cited with approval in *Bunch v. Lumber Co.,* 134 N. C., 121, and in *Hawkins v. Lumber Co.,* 139 N. C., 163. In *Bunch's case, Justice Walker,* speaking for the Court, quotes with approval the following language from the *Strasson case:* "It is well settled, on principle and by authority, that the legal effect of the instrument is that the vendor thereby conveyed to the vendee all of the trees and timber on the premises which the vendee should remove therefrom within the prescribed time, and that such as remained thereon after that time should belong to the vendor or to his grantee of the premises." The defendants in this case are grantees of the premises, under a deed from the plaintiffs, and we conclude that the legal effect of that deed is to convey to the defendants the land and all the timber thereon not cut and removed by the Roper Lumber Company within four years from the date of its deed.

Reversed.