SAMUEL POWELL v. FOSBURG LUMBER COMPANY.

(Filed 10 September, 1913.)

**Timber Deeds—Extension Period—Conditions Performed—Grantee of Lands—Notice.**

Where standing timber on land is granted to one and his assigns, to cut within a certain period of time, with a certain extension period to the grantee upon previous notice given and a consideration paid to the grantor, and subsequently the owner conveys the land itself, and in his deed refers to the timber deed, the purchaser of the land takes with notice of the provisions of the timber deed, and the grantee therein and his assigns acquire the right to cut the timber during the extension period upon giving the notice and paying the consideration required to the original owner of the land.

Appeal by defendant from *Cline, J.*, at chambers; from Nash.

*Finch & Vaughan and Jacob Battle for plaintiff.*

*W. E. Daniel, Joseph P. Pippin, and E. L. Travis for defendant.*

Clark, C. J. Mary E. Sumner, 3 July, 1901, conveyed to W. W. Cummer all the pine, oak, and poplar timber on a certain tract of land (duly described) measuring 10 inches in diameter when cut, with right to enter, etc., within ten years from that date, with the privilege of an extension of five more years, if desired by the grantee, upon payment of a specified sum. Cummer conveyed his interest in said contract to the defendant. On 29 November, 1901, Mary E. Sumner conveyed a part of said land to Solomon Arrington and the balance to Lewis Foreman, the deeds containing the following: "Excepting from this conveyance the timber sold by said Mary E. Sumner on said land and by her conveyed to W. W. Cummer by deed recorded, book 122, page 21, Nash County Registry, to which reference is made." By mesne conveyances the plaintiff became the owner of the lands thus conveyed by Mary E. Sumner to Arrington and Foreman. Mary E. Sumner, before the expiration of the ten years which was allowed W. W. Cummer

in which to cut and remove the timber, granted to the defendant, Cummer's assignee, an extension of five years from 3 July, 1911, in which to cut said timber, in consideration of the amount stipulated for in the deed to Cummer.

Upon these facts the continuance of the injunction to the hearing was improvidently granted. Mary E. Sumner in her conveyance of the land reserved the right to Cummer to have the timber for five additional years, and her grant thereof to the defendant, the assignee of Cummer, was valid. The cases relied upon by the plaintiff are not in point. In *Bateman v. Lumber Co.,* 154 N. C., 248, it was held that timber not cut within the time prescribed goes with the land, and that on expiration of the time limited the subsequent purchaser and owner in fee of the land becomes the owner of the timber. In that case the grantee of the timber did not procure an extension of time under his option nor offer payment therefor till after his lease had expired.

In *Hornthal v. Howcutt,* 154 N. C., 228, there was no extension clause or option reserved in the deed by the grantor, and it was held that the grantee of the land became the owner of the timber remaining uncut at the termination of the lease. In *Kelly v. Lumber Co.,* 157 N. C., 175, it was held that when the conveyance reserves to the grantor the timber, without specifying in what time it is to be removed, the grantor must cut and remove it within a reasonable time after notice to do so given by the grantee of the land. And his grantee of the timber holds such reservation of the timber in the same plight as the grantor held it. But here the conveyance of the land reserved the timber in accordance with the terms of the deed to Cummer for the timber, which deed is specifically referred to. That reservation was for ten years, with the option in Cummer of an extension for five years. This five years the grantor, Mary E. Sumner, granted to Cummer's assignee before the expiration of the ten years. The grantee of the land had full notice of the terms of this reservation by his deed, and the plaintiff, holding by mesne conveyances under said grantee, holds the land in the same plight. The injunction should be set aside.

Reversed.