## W. T. GILBERT v. WACCAMAW SHINGLE COMPANY.

(Filed 11 November, 1914.)

1. Contracts, Written—Interpretation—Intent.

In construing a written contract the intent of the parties as embodied in the entire instrument should prevail, giving effect to each and every part if it can be done by fair and reasonable intendment; and in ascertaining this intent resort should be had primarily to the language of the agreement to which, if it expresses plainly, clearly, and distinctly the meaning of the parties, effect must be given by the courts, and other means of interpretation are not permissible.

**2. Same—Timber Deeds—Time of Cutting—Statute of Frauds—Parol Evidence.**

> A conveyance of standing or fallen timber "of the dimensions of 10 inches or more in diameter at a distance of 12 inches from the ground, or which may attain that size ten years from date thereof," etc., and the description of the land, "together with the perpetual right of way, in, to, and through and over the above-mentioned tract or parcel of land at any and all times during the period of twenty years, for the purpose of removing the timber," is construed that the ten-year limitation first mentioned is descriptive of size of the timber conveyed and specifying the time within which the measurement must be had; and the twenty-year limitation in the latter portion is intended to fix, with reference to the date of the deed, the time in which the timber sold must be cut and removed; and parol evidence to show that a different period was agreed upon, or that the ten-year period was that fixed for cutting and removing the timber sold, is inadmissible as tending to vary or contradict the writing.

**3. Appeal and Error—Fragmentary Appeal.**

> An appeal from the construction of a deed to standing timber, reserving the question of alleged trespass by reason of wrongful cutting of timber below the sizes specified and conveyed, is fragmentary and will be dismissed.

WALKER, J., concurring.

APPEAL by plaintiff from *Allen, J.,* at August Term, 1914, of BRUNSWICK.

Civil action. Plaintiff, the owner of certain land, sued the defendant company for wrongfully cutting timber on his property.

Defendant showed a line of deeds purporting to convey to him the timber of certain dimensions on the land and claimed the right to cut and remove the timber at any time within twenty years from the date of the deeds.

It was agreed that the matters in controversy, in so far as determined, were properly made to depend on the correct interpretation of the first deed conveying the timber, same being a deed from W. T. and Anna A. Gilbert to R. W. Gibson, bearing date March, 1903, the rights therein disposed of having passed by mesne conveyances to defendant and being in terms as follows: "This deed, made on this ___ day of March, 1903, by W. T. Gilbert and Anna A. Gilbert, his wife, of the State and county aforesaid, of the first part, and R. W. Gibson, of the State aforesaid and the county of New Hanover, of the second part, witnesseth: That said parties of the first part, and for the consideration of $600 to them paid by R. W. Gibson, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents bargain, sell, and convey to the said R. W. Gibson and his heirs, all oak, poplar, maple, spruce pine, and other timber, both standing and falling, of the dimensions of 10 inches or more in diameter at a distance of 12 inches from the

ground, or which shall attain such size any time within the period of ten years from the date of this instrument, except, however, all long-leaf boxed timber, upon the following described lot or tract of land situate, lying, and being in the county and State aforesaid and described as follows: [Here follows description of land by metes and bounds, which is not in dispute.] Together with the perpetual right of way in, to, through, and over the above mentioned tract or parcel of land at any and all times during the term of twenty years, for men, teams, and vehicles, and the right to build, erect, construct, maintain, and operate railroads, tramways, and cartways upon and across the said land for the purpose of removing the above mentioned timber or any other timber now or to be hereafter purchased by the said parties of the second part upon any land or lands other than the above mentioned, with the full right to use such small brush and timber as might be necessary to build, maintain, and operate the said railroads, tramways, and cartways, free of all charge."

It was admitted that defendant had cut and removed some of the timber after ten years and within twenty years from the date of the instrument.

The court being of opinion that under the deed in question, and as a matter of law, the defendant had twenty years from the date of the instrument within which to cut and remove the timber, excluded evidence offered by plaintiff tending to show what was a reasonable time to cut and remove the timber, and also evidence offered by way of aiding in the interpretation of this deed; that the understanding and agreement of the parties was that the timber should be cut and removed in the ten years, and, thereupon, plaintiffs submitted to a nonsuit and appealed.

In reference to this order of nonsuit, it appeared that there were two other actions pending on the docket involving the construction of this deed, and the course indicated was adopted with consent of all parties in the interest of time and in order to obtain the opinion of the Supreme Court, that the causes might be correctly tried, the question of alleged trespass, by reason of wrongful cutting of timber below the sizes specified and conveyed in the instrument, being reserved.

*E. K. Bryan and Cranmer & Davis for plaintiff.*
*C. Ed. Taylor for defendant.*

HOKE, J. It is the accepted rule of construction in this and other written contracts that the intent of the parties as embodied in the entire instrument should prevail and that each and every part shall be given effect if it can be done by fair and reasonable intendment, and that in

ascertaining this intent resort should be had, primarily, to the language they have employed, and where this language expresses plainly, clearly, and distinctly the meaning of the parties, it must be given effect by the courts, and other means of interpretation are not permissible. *McCallum v. McCallum, post,* 310; *Kearney v. Vann,* 154 N. C., 311; *Hendricks v. Furniture Co.,* 156 N. C., 569; *Bridgers v. Ormond,* 153 N. C., 114; *Davis v. Frazier,* 150 N. C., 447; *Walker v. Venters,* 148 N. C., 388.

Applying the principle, we think it clear that the ten-year limitation, stated in the first portion of the contract, is descriptive as to the size of the timber conveyed and specifying the time within which the measurement must be had: "of the dimensions of 10 inches or more in diameter at a distance of 12 inches from the ground, or which shall attain such size within the period of ten years from the date of the instrument." And the twenty-year limitation, in the latter portion, by correct interpretation, is as clearly designed and intended to fix the time within which the timber sold must be cut and removed. True, the instrument here only uses the word "remove," but, considering the extent and purposes of the contract, the term, by clear intendment, includes the right to cut during said period by the usual and ordinary methods of lumbermen in that vicinity. It is the only interpretation which would allow to the term as used any reasonable significance, and is the construction approved with us in well considered cases on the subject. *Lumber Co. v. Smith,* 150 N. C., 253, followed in *Bateman v. Lumber Co.,* 154 N. C., 248, and other cases. This being the correct and clearly expressed import of the contract, his Honor was right in declining to hear testimony as to what would be a reasonable time within which to cut the timber. This question of reasonable time only arises when, as in *Hawkins' case,* the time to commence is left indefinite, "fifteen years from the time he commenced cutting," and it was held that the grantee was thereby required to commence within a reasonable time. But in the contract before us the term refers to the date of the instrument (*Hornthal v. Howcott,* 154 N. C., 228; *Warren v. Short,* 119 N. C., 39), and this being definite and certain, the evidence tending to establish a reasonable time was incompetent and properly excluded. And the court also made correct ruling as to the evidence offered to show that the parties to the agreement only intended to allow ten years in which to cut and remove the timber. This would be to contradict the written agreement of the parties by parol evidence, and is clearly contrary to authority. Speaking to such evidence, in *Walker v. Venters,* the *Chief Justice* said: "Such evidence is never admitted if the wording of the written contract is clear or if the evidence offered is in direct contradiction of the intrinsic meaning of the language of the contract."

167—19

While we approve his Honor's construction of the deed and uphold his rulings excluding evidence tending to alter or contradict the same by parol, we must hold that, as we understand the record, the appeal has been prematurely taken. Unless otherwise provided by statute, an appeal only lies from a final judgment or one in its nature final, and, under our decisions, a nonsuit may not be taken to test an adverse ruling of a judge, leaving issuable matter presented and undetermined in the court below. In deference to the suggestion of his Honor that an authoritative construction of this deed is desirable, we have passed upon the questions presented, a course that is pursued in rare instances (*Milling Co. v. Finley,* 110 N. C., 411, and 110 N. C., 503), but, under our decisions we must hold, as stated, that the appeal is premature and adjudge that the same be dismissed. *Merrick v. Bedford,* 141 N. C., 505; *Hoss v. Palmer,* 150 N. C., 18.

Appeal dismissed.

WALKER, J., concurring: I concur in the result, as I do not think that the cases of *Lumber Co. v. Smith,* 150 N. C., 253, and *Bateman v. Lumber Co.,* 154 N. C., 248, as to the right to cut during the extended period, which is given for removal of the timber only, apply to this case. If I thought so, my concurrence would be turned into a dissent, for my opinion is that those cases were not correctly decided on that point, my reasons for so saying appearing from my dissenting opinion in the *Smith case.* I think the proper construction has been given to the deed in question here upon other grounds, which are not affected by those decisions, and that the final conclusion is sound.