E. H. RICKS v. A. P. McPHERSON.

(Filed 8 October, 1919.)

1. **Deeds and Conveyances — Timber Deeds—Period for Cutting—Reservations—Payments—Owner.**

A grantor of timber standing upon his land specified in his deed that the period for cutting and removing the timber should be five years provided the grantee, after the expiration of three years, pay to the grantor or the then owner of the land 6 per cent annually in advance upon the purchase price for the privilege of the remaining two years: *Held*, the title to the timber passed to the grantee for the five-year period, with the privilege of cutting and removing it any time within the first three years, free of further charge, and for the last two years, the privilege to be paid for each year in advance, in the amount and in the manner specified in the contract; and when this has accordingly been done, and the grantor of the timber has conveyed the land by deed expressly providing that he reserved the timber rights until a specified time, naming the date upon which the furthest period for cutting and removing the timber expired, under this reservation he retains the. right to receive the amount the grantee of the timber paid under the contract though not the owner of the title to the land, as distinguished from the timber, at that time.

2. **Deeds and Conveyances—Timber Deeds—Interpretation.**

Where a grantor in a timber deed has since sold the lands upon which it was growing to another, reserving the timber for the period of time remaining in which it may be cut and removed, and a party to the action

claims title to the lands through him, directly or through mesne conveyance, the deeds in the chain of title to the lands and those to the timber having the same reservation, will be construed together as a whole to ascertain the intent of the parties.

3. **Deeds and Conveyances—Timber Deeds—"Lands"—Separately Conveyed —Distinct Title.**

Timber growing upon land is held and considered to be realty or a part of the land, which may either be separately conveyed or title thereto reserved in the grantor, and where the timber has been sold to be cut, etc., within a certain period, with future payments for the continuance of the privilege to be made to the grantor or "the then owner" of the lands, who since making the timber deed has conveyed the title to the lands upon which the timber was growing, but reserving the title in the timber for the extension period under the timber deed, the position may not be maintained that as he was not "the then owner" he was not entitled to the future payments under the timber contract.

4. **Parties — Deeds and Conveyances—Timber Deeds—Lands Subdivided— Price Proportioned—Appeal and Error—Procedure.**

The plaintiff sold the timber on his lands with an extension for cutting, etc., granted, for a certain price, and afterwards sold the lands, reserving his rights under the timber deed. The purchaser of the lands divided them into lots and the defendant became a purchaser of one of them, and claimed the right to cut the timber under his grantor's deed and the conveyance to his grantor: Held, while ordinarily the defendant, liable only for his proportionate part, has the right to require the other purchasers of these lots to be made parties in a suit to enjoin the further cutting of the timber and to recover the amount due under the timber contract, this does not apply when such other purchasers have not resisted the plaintiff's right and have made a satisfactory settlement with him; and upon the reversal of the defendant's appeal the ascertainment of the amount due by him will be ascertained in the Superior Court and judgment entered as the legal rights of the parties may require.

5. **Deeds and Conveyances—Estoppel in Pais.**

Where the owner of lands has sold them subject to his rights under a former conveyance of the timber to receive the payments for its cutting, etc., and such appears upon the face of the conveyance, he is not estopped *in pais* to assert such rights against his grantee of the lands or a purchaser from him.

ACTION to restrain cutting of timber and to recover part of purchase price for same, heard on return to preliminary restraining order, 2 June, 1919, before his Honor, *Connor, J.*, holding the courts of the Third Judicial District; from NORTHAMPTON.

There was judgment for defendants, and plaintiffs excepted and appealed.

*George C. Green and W. L. Long for plaintiffs.*
*Walter E. Daniel and G. E. Midyette for defendants.*

RICKS *v.* McPHERSON.

HOKE, J. On the hearing it was properly made to appear that on 10 March, 1916, E. T. Zollicoffer, owning a large body of land in said county, sold and conveyed to J. W. Crew the standing timber growing thereon, the provision in reference to the timber contained in the deed being as follows:

"That the said party of the second part, his heirs and assigns, shall have five years from the date hereof in which to remove the timber hereby conveyed from the aforesaid tract of land: *Provided, however,* that he or his assigns shall, after the expiration of three years from the date hereof, pay to the said party of the first part, or the then owner of the aforesaid tract of land, 6 per centum annually, in advance, upon the amount of the purchase price aforesaid, that is, nineteen thousand dollars, for the privilege of the remaining two years in which to remove the said timber."

That on 28 March, 1916, said grantee, J. W. Crew, and wife conveyed said timber to A. C. and H. C. House, and on 6 December, 1916, said A. C. and H. C. House conveyed the same to defendant, the Greenville Manufacturing Company, the stipulations in these conveyances as to the timber rights and interests being the same as in the first deed, etc. That on 27 December, 1916, said E. T. Zollicoffer conveyed this land, on which the timber was situate, to W. L. Long. And the lands, having been in the meantime divided into several lots, on 18 January, 1918, W. L. Long and wife conveyed to plaintiffs in the action two of said lots, Nos. 12 and 14, on which the timber in controversy is situated, both of these deeds containing a stipulation that the same were made "subject to the terms and conditions of a certain timber deed executed by E. T. Zollicoffer to J. N. Crew in 1916," etc.

That on 21 September, 1918, plaintiffs conveyed one of these lots, No. 14, to Jackson Futrell, the deed containing stipulation concerning the timber thereon as follows:

"It is distinctly understood and agreed by and between the parties to these presents that this deed does not convey and pass title to three (3) acres sold to the said G. Moody, above mentioned, by Messrs. C. A. Wyche and W. L. Long, and for which they have not yet given him a deed; also all timber rights on the land herein conveyed reserved by the said parties of the first part until 10 March, 1921." And in December following lot No. 12 was conveyed to said Jackson Futrell by plaintiff with habendum: "To have and to hold the above-described piece, parcel or tract of land, together with all privileges and appurtenances thereunto belonging, save and except all standing timber and rights thereto which are herein reserved by the said parties of the first part for a period of two (2) years from 10 March, 1919, to 10 March, 1921, to the said party of the second part, his heirs and assigns, to their only use and

behoof in fee simple forever." That prior to expiration of the time limit for cutting, to wit, 10 March, 1919, defendant, the lumber company, made an adjustment for privilege of further cutting, by paying to the codefendant Futrell the price for one year's extension, and was proceeding to cut the timber on these portions of the land when it was stopped by restraining order in this cause. Considering these two series of deeds together, the deeds conveying the timber interests and those affecting the general title, and seeking the true intent of the parties as expressed in their entire agreements, the approved method of construction in such cases (*Hornthal v. Howcott,* 154 N. C., 228; *Davis v. Frazier,* 150 N. C., 447), we are of opinion that the force and effect of the provisions in the timber deeds is to pass to the grantees the title to the timber for five years, with the privilege of cutting and removing the timber any time within the first three years, free of further charge, and for the last two years the privilege is to be paid for annually, in advance, 6 per cent on the purchase price of $19,000. The stipulation amounts to a positive obligation to pay for the privilege the agreed price while the timber remains on the ground and uncut, whether the same is exercised or not, i. e., 6 per cent on $19,000 in advance for the first of these two later years, and if not cut then the same amount to be due for the privilege during the last year. And the sum or sums to be paid to plaintiffs, who are the owners of the timber during the period covered by the agreement and to whom the money is due by the clear intent of the parties as expressed in their conveyances covering the property. The stipulation of the deed on 21 September being, as stated:

"It is distinctly understood and agreed by and between the parties to these presents that this deed does not convey and pass title to three (3) acres sold to the said G. Moody, above mentioned, by Messrs. C. A. Wyche and W. L. Long, and for which they have not yet given him a deed; also all timber rights on the land herein conveyed reserved by the said parties of the first part until 10 March, 1921."

And that of 31 December being:

"To have and to hold the above described piece, parcel or tract of land, together with all privileges and appurtenances thereunto belonging, save and except all standing timber and rights thereto which are herein reserved by the said parties of the first part for a period of two (2) years from 10 March, 1919, to 10 March, 1921, to the said party of the second part, his heirs and assigns, to their only use and behoof in fee simple forever."

These important provisions of the contract would to our minds be entirely without significance unless they except the title to the timber until 10 March, 1921, and reserve to the grantors during that period the payment of the purchase price. The question is, we think, virtually

decided in *Powell v. Lumber Co.*, 163 N. C., 36. In that case Mary E. Sumner, owner of the land, in July, 1901, sold the timber thereon to one W. W. Cummer, with right to remove same for ten years and with an extension privilege of five years.

In November following she sold the land to other parties "excepting the timber sold by Mary E. Sumner on said land and by her conveyed to W. W. Cummer by deed," etc. Subject to these exceptions and under mesne conveyances the land was acquired and held by plaintiff Powell. Prior to expiration of ten years Mary E. Sumner sold and conveyed to assignee of Cummer the timber for the extension period, and it held that she had the right to dispose of the timber for the renewal period and to recover the amount which had been agreed upon as the consideration for same. As shown in the opinion referred to, the decision of *Hornthal v. Howcott*, 154 N. C., 228, to which reference has been made by defendants' counsel, involved only the right of the parties after the period specified for cutting had terminated, and the question as to who could rightfully collect the purchase under the terms of the contract was in no way presented. It was earnestly insisted for the defendant that in the contract creating the timber interest it is specified that the payment for the last two years is to be made to the *then* owner of the land, and that the lumber company having made satisfactory arrangements with its codefendant Futrell, who then held the title, thereby acquired the legal right to proceed under the contract. The term *land* is one of very comprehensive significance. As said by my *Lord Coke*, "It includes not only the ground or soil but everything which is attached to the earth, whether by the cause of nature, such as trees, herbage and water, or by the hand of man, as houses or other buildings, and it has an indefinite extent, upwards as well as downwards, so as to include everything terrestrial under or on it." And we have uniformly held in this jurisdiction that standing timber is realty and subject to the laws of division and transfer appertaining to that kind of property. In September and December, 1918, McPherson and Ricks, the grantors in the deeds to Futrell, were the owners of the lands and the standing timber thereon which constituted part of it. As such owners they had the perfect right to control it and to grant a part of the property to one and reserve a portion to themselves. Having therefore excepted that part of the land consisting of this standing timber, and in terms which clearly imputed a right to receive the purchase money for the same during the period covered by the contract, we see no reason why this exemption should not be given effect and the grantee Futrell be conclusively bound by it. *Herring v. Lumber Co.*, 163 N. C., 481.

On the record there can be no claim that the lumber company has been imposed upon or that the facts present a case for an estoppel *in*

*pais.* The terms of the instruments upon which plaintiffs rely appear upon the face of the conveyances and ordinary care would have sufficed to fully inform and protect the company, and in such case they could acquire no more than their grantor Futrell himself owned; that is, the land except the standing timber during the life of the contract. True, in *Lumber Co. v. Wells,* 171 N. C., 262, the Court held that in case of an option for an extension period the purchase money would be due and owing to him who held the title at the time the same was due and payable, but it appeared also as the approved limitation on the principle, "unless there was a contrary provision in the deed itself." Here there is a contrary provision in the deed, to wit, a clause excepting the standing timber till 10 March, 1921, and in terms as stated reserving to the grantor the right to collect the purchase money for the extension period, being interest on $19,000.

It will be noted that only a portion of the land was acquired by plaintiffs and conveyed by them to Futrell, and therefore they could only recover their due proportion of the purchase money. Ordinarily the defendants would have the right to require that all the owners of the land be made parties, but inasmuch as it appears that the timber on all the other parts of the land has been cut and the rights concerning the same satisfactorily adjusted, there is no reason why the present suit should not proceed as now constituted and the rights of the parties thereon determined.

This will be certified that the proportionate amount of the purchase money, i. e., the interest as stated presently due plaintiffs, be ascertained. That defendants meantime be restrained until the same is paid and on sufficient bond given to assure payment of plaintiff's reasonable recovery and costs and such further proceedings had as the legal rights of the parties may require.

Reversed.