GREENLEAF JOHNSON LUMBER COMPANY v. J. W. VALENTINE, GUARD-
IAN OF ARTHUR JORDAN GRIFFIN, A MINOR, ET AL.

(Filed 14 April, 1920.)

1. **Appeal and Error—"Moot" Questions.**

Where the question on appeal is a "moot" question, the Supreme Court will not decide it.

2. **Timber Contracts—Wills—Devise—Infants—"Moot" Questions—Cut-
ting Period—Extension—Payment—Tender—Guardian and Ward—
Testamentary Guardian.**

The owner of lands sold a part thereof, reserving certain timber rights she had sold under a timber contract with privilege to the purchaser of the timber to renew by paying a certain price, and died having devised the other part of the tract, but covered by the timber contract, to her infant nephew for whom she appointed a testamentary guardian. In an action by the purchaser of the timber rights against the grantees of the deceased owner of the lands, and the testamentary guardian, in which the infant devisee personally had not been made a party or a guardian of his estate appointed, and it appears that the purchaser of the timber has cut it after the expiration of the first period and *Held*, the infant was the owner of the land upon which the timber had been growing, and the question presented as to whether payment or tender had been made in apt time to the testamentary guardian, etc., was a "moot" one, upon which the Supreme Court will not pass.

3. **Same—Ownership of Land—Actions.**

Where the infant owner has acquired the land by devise subject to a timber contract of the testator, the period for cutting and removing the timber to be renewed upon the payment by the purchaser of an agreed sum, and the time to renew the period for cutting, etc., has occurred after the testator's death, the question as to whether the infant would be benefitted by the renewal does not arise, but the question of payment or tender may only arise in an action in which the infant owner is a party and represented by the guardian of his estate; and where the purchaser of the timber has, notwithstanding, cut and sold the timber and holds the proceeds, the question of whether he committed an action-able wrong is presented.

CIVIL ACTION, tried before *Guion, J.,* and a jury, at November Term, 1919, of FRANKLIN.

The action purports to be one to establish a right in plaintiff company to cut the timber on a certain tract of land in said county belonging to an infant devisee, Arthur Jordan Griffin, and instituted against defendant, J. W. Valentine, as guardian of said minor, and the two other defendants who had purchased a portion of the land.

From the admission in the pleadings and the facts in evidence, it appeared that on 1 December, 1905, Martha Yarboro, the owner of the land, sold and conveyed to plaintiff the timber thereon of certain dimensions, to be cut within 10 years from date of said conveyance, and with the privilege of five years extension on payment of annual interest on the purchase price, etc.

That during the ten years said Martha Yarboro sold portions of the land to the two defendants, Wardrope and Bartholemew, excepting, however, "the timber and the timber rights sold to plaintiff company."

That in 1912 Martha Yarboro, the owner, died, having devised the land to Arthur Jordan Griffin, a minor, appointing defendant, J. W. Valentine, her executor and also guardian of the devisee.

Plaintiff alleged and offered evidence tending to show that within the time specified and required by the timber deed, it had paid or tendered the amount stipulated for securing the extension to J. W. Valentine, and had maintained such tender for the successive years, etc.

Defendants Wardrope and Bartholemew make no defense.

The defendant Valentine denies that any payment or tender of this extension money was ever made to him, and offered evidence in support of such denial.

It further appeared that the timber had been cut by plaintiff company and the proceeds held or appropriated by them.

On issue submitted the jury rendered the following verdict:

"1. Did the plaintiff, prior to 1 December, 1915, pay to defendant the amount required to renew its timber deed for the succeeding year? Answer: 'Yes.' "

On the verdict judgment was entered that plaintiff company owned the timber and was entitled to cut and remove the same.

Defendant excepted, and appealed.

*William H. and Thomas W. Ruffin for plaintiff.*
*W. M. Person for Valentine, appellant.*

HOKE, J. On careful consideration we think the record presents only a "moot question," and under our decisions the court should express no opinion concerning it. *Parker v. Bank,* 152 N. C., 253; *Blake v. Askew,*

76 N. C., 327. The cases on the subject hold that in order to secure the right of extension under one of these timber deeds as ordinarily drawn and unless otherwise expressed in the instrument the amount stipulated for must be paid or tendered to him who owns the title, when the payment is due. And where the owner has died within the time, the title passing by his will or descent the payment must be made or tendered to the devisee or heir. *Mizell v. Lumber Co.,* 174 N. C., 68; *Timber Co. v. Wells,* 171 N. C., 264; *Timber Co. v. Bryan,* 171 N. C., 266; *Bateman v. Lumber Co.,* 154 N. C., 248; *Hornthal v. Howcott,* 154 N. C., 228.

This action purports to be one to establish in plaintiff company the right to cut the timber on a certain tract of land now owned by a minor, Arthur Jordan Griffin, devised under the will of Mrs. Yarboro.

From the facts in evidence it appears that the timber had been cut when the suit was commenced, and it or its proceeds held by the plaintiff company, and there is no one now a party or against whom the suit is or purports to be prosecuted who seeks to challenge plaintiff's right or is in any position to do so. Not the adult defendants, their deeds contain exception in favor of the timber and the timber rights granted to plaintiff company, and they have no interest therefore in this controversy, and do not claim any. *Ricks v. McPherson,* 178 N. C., 154, 158, citing *Powell v. Lumber Co.,* 163 N. C., 36. Not the guardian—he does not own the timber, the title thereto is or was in the devisee, the minor, and it is from his interest and ownership that the right claimed by plaintiff must be secured. *Bryan v. Lumber Co., supra.*

Such a right, therefore, can only be established and made efficient in a suit which is and purports to be against or in favor of the infant, and to which he has been made a party. 21 Cyc., 193; 12 R. C. L., Guardian and Ward, p. 1146; 14 R. C. L., sec. 53.

It was stated on the argument and unchallenged, so far as noted, that such a suit had been instituted by the infant owner seeking to recover damages of the company for the alleged wrongful cutting of his timber. In view of this statement and the suggestions of the court in the recent case of *Morton v. Lumber Co.,* 178 N. C., 163, to this effect, that a suit in court and due inquiry would be required to establish a valid tender where the title was held by an infant. We deem it not amiss to say that the privilege of renewal having been provided for by a binding contract of the former owner—an inquiry into its fitness and whether such a stipulation would be to the advantage of the minor is no longer open to inquiry, and should it be properly shown in the alleged suit between the devisee and the company that a payment or tender of the amount required to secure the extension had been made by the company or its agent within the time, to the regularly constituted guardian of the infant's estate, it would suffice.

Such fact, however, to have any effect and meaning, should be established in a suit between the infant owner and the company and presenting the only real issue now existent in this controversy—that is, whether the cutting of the timber by the company amounted to an actionable wrong.

The case of *Morton v. Lumber Co.* was well decided as no payment or tender was shown within the time required to any one having authority to receive it. The suggestions referred to, however, are well calculated to mislead litigants in the trial of causes of this kind, and we take this early opportunity to correct the error.

For the reasons stated, we are of opinion and so hold that the present action be dismissed as presenting only a feigned issue, but without prejudice to the rights of the parties in any further litigation that may be had between them.

Action dismissed.