BARKLEY v. TARRANT.

CROOK v. TARRANT.

WADDELL v. TARRANT.

In action on a sealed note, signed by three makers in the following words: "One day after date we, or either of us, promise to pay six hundred ninety-eight dollars and eighty-nine cents, with interest annually, for value received of him, as witness we set our hands seals, September 7, 1864," parol testimony may be introduced to show who was the payee.

Before WALLACE, J., Greenville, March, 1883.

The opinion states the cases.

*Mr. L. K. Clyde,* for appellants.

Written instruments must be perfect and complete when delivered. A sealed note must be in writing. *Bouv. Dict.* 186; *Story Prom. N.,* § 9. There must be an obligor and an obligee. *Id.* A note must have a maker and a payee. *Dan. Neg. Inst.* 87, 89, 111, 116, 128; *Story Prom. N.* 40, 42; *Byles Bills* 63, 147; 4 *McCord* 239. To arrive at intention, construction is admissible, but that intention must appear upon the face of the instrument itself. *Pars. Cont.* 550; 1 *McCord* 41; *Rob. Fr.* 9; 1 *Johns. Ch.* 425. There is no material difference of principle

in rules of construction between wills and contracts. 1 *Greenl. Evid.*, § 287. Patent ambiguities in a will cannot be explained by parol; the name of a legatee or devisee, left blank by testator, cannot be supplied by parol. 2 *Hill Ch.* 15; 3 *Bro. Ch. C.* 311; 4 *Desaus.* 225; 8 *Bing.* 244; 5 *Rich. Eq.* 85.

*Mr. John R. Bellinger* and *Stokes & Irvine*, same side.

*Messrs. Wait & Westmoreland*, contra.

The instrument here sued on is not a promissory note, but a single bill. In a sense, all written instruments are simply evidence of contracts. This paper shows that the obligors were indebted to somebody for money received from him, and that this "him" was the person to whom it was delivered. *Add. Cont.*, § 230. The omission of the payee's name was clearly a *casus omissus*, and who the original payee was may be proved by parol. 1 *Greenl. Evid.*, §§ 275, 277; *Spenc. Eq. Jur.* 553–557; 1 *Sm. Lead. Cas.* (*H. & W.*) 410. Proving the payee's name does not alter or vary a word. 1 *Greenl. Evid.*, § 282; 3 *Man. & G.* 452; 5 *Fost.* 128; 2 *R. I.* 319; 5 *Hurlst. & N.* 117. Parol evidence is admissible to show a consideration different from that stated. 5 *Rich.* 305. It may surely then be shown to whom the consideration is to go. It may be otherwise as to negotiable instruments, but see 3 *McCord* 482. There was clearly a payee in this case, only his name was not expressed. 3 *Rich.* 133.

March, 18th, 1884. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The two cases stated first in the title were proceedings in equity, and heard together on Circuit. In them an order was made calling in the creditors of B. F. Tarrant, deceased; and under this order Rhoda H. Waddell, claiming to be a creditor of the estate, presented for proof an instrument of which the following is a copy:

"$698.89. One day after date we, or either of us, promise to pay six hundred ninety-eight dollars and eighty-nine cents, with

interest annually, for value received of him, as witness we set our hands seals, Sept. 7, 1864.

       "B. F. TARRANT,    [L. S.]

       "L. P. TARRANT,    [L. S.]

       "P. H. TARRANT.    [L. S.]"

This paper was accompanied by an affidavit of Rhoda H. Waddell, that " she is the owner and holder of the note, and that no part thereof has been paid, and that said note was given in renewal of an old note prior to 1861." The master reported the note as a valid claim against the estate, and the administrator, C. B. Tarrant, excepted to the report on the ground, principally, that " said instrument is fatally defective as a sealed note, single bill or bond, in that it is payable to no one, and is a nullity." Judge Wallace, in recommitting the report as to other claims, also recommitted it as to this claim, holding, however, that the omission of the name of the payee might be supplied by parol evidence. From this order C. B. Tarrant, the administrator of B. F. Tarrant, appeals to this court.

The case stated third in the title, *R. H. Waddell* v. *P. H. Tarrant,* was an action at law by Mrs. Waddell against P. H. Tarrant, one of the sureties on the sealed note copied above. The complaint stated substantially the same matter as was contained in her affidavit made before the master in the other case, viz.: That she is the owner and holder of the note; that it was given in renewal of an old one, and is still due and unpaid. The defendant demurred that the plaintiff had not capacity to sue, and that the complaint did not state facts sufficient to constitute a cause of action. Judge Wallace sustained the demurrer, but gave the plaintiff leave to amend her complaint. The defendant appealed to this court upon grounds substantially the same as those in the case first stated. They are set out in full in the brief and need not be restated here.

These cases, arising out of the same instrument and involving substantially the same question, were argued together, and we will consider them in the same manner. The exceptions in various forms state the objection to the orders below; but they may be condensed into the single proposition, " that said instrument is

fatally defective as a sealed note, single bill or bond, in that it is made payable to no one; and parol evidence is not admissible to supply the name of the payee."

The paper in contention here is certainly neither a bill nor promissory note, negotiable by delivery, as to which class of instruments it seems to be necessary that the parties shall appear and be disclosed by the bare inspection of the paper. 1 *Dan. Neg. Inst.* 111. But it is an instrument under seal promising to pay, but not to order or bearer. Still, if there never was a payee, and the paper expressed the whole truth of the transaction, we suppose that there could be no recovery, for the simple reason that it takes two to make a binding contract, and in that case there would be no contract or person to receive the money. But, as a matter of fact, can there be a doubt that there was a payee? All the circumstances and the paper itself prove it. Three persons signed an obligation in all other respects perfect, promising circumstantially to pay so much money " one day after date, with interest payable annually, for value received of him." And this obligation must have been delivered to some one, as it is now presented and payment demanded. All this is utterly inconsistent with the idea that there was no other party but the obligors, and points unmistakably to an obligee from whom the value was "received," and to whom the promise to pay was made. We are not allowed fairly to conjecture that the parties were dealing with no one, but were consciously making false statements, and performing a solemn mockery in doing an act utterly nugatory.

Assuming then, as beyond all doubt, that the parties dealt with a payee in the flesh, it appears that by some oversight or accident the name of that payee was omitted in the obligation executed, and the question is whether parol proof is admissible to show who was the person that advanced his money, and to whom the promise was made. In dealing with the contract of parties it is, of course, desirable so to interpret and enforce them as to carry out the intention of the parties, if that can be done without doing violence to some settled principle or rule of law. But there are rules of evidence so important that they must be adhered to, even at the sacrifice of the intention in particular

2M

cases.   Is there any rule which absolutely requires us to close
our ears to parol·evidence tending to show who the payee was in
this transaction ?   There is no doubt of the general rule that
" parol contemporaneous evidence is inadmissible to contradict
or vary the terms of a valid written agreement."

This is a most salutary rule, necessary to prevent frauds and
perjuries, and to protect the real intention of parties ; but, if
applied without discrimination, it may be found to promote the
very things it was intended to prevent.   The rule has special
reference to the words used in the instrument, and the intention
of the parties ; as, for example, in the familiar case of a latent
ambiguity.   Mr. Greenleaf says : " It is thus apparent that the
rule excludes only parol evidence of the language of the parties
contradicting, varying or adding to that which is contained in
the written instrument ; and this because they have themselves
committed to writing all which they deemed necessary to give
full expression to their meaning, and because of the mischiefs
which would result if verbal testimony were in such cases
received.   But where the agreement in writing is expressed in
short and incomplete terms, parol evidence is admissible to
explain that which is *per se* unintelligible, such explanation not
being inconsistent with the written terms."   1 *Greenl. Evid.*, §
282.

In the case before us the instrument is manifestly imperfect, in
omitting the name of the payee, and the evidence offered is not
inconsistent with the written terms ; but, on the contrary, is in
direct accord with these terms.   It does not vary or contradict a
single line or word of them, but, accepting the whole instrument
as it stands, simply applies it to the right person, according to
the contract and intention of the parties.   It was properly
admitted in the argument, that if a blank space had been left in
the note for the name of the payee that would have shown the
intention of the parties, and thereby made the parol testimony
competent.   We have no doubt whatever of the intention, and
that being assumed, a blank for the name, larger or smaller, can
make no difference.

It seems to us that the very terms of the note itself make a
case, authorizing the introduction of parol testimony.   The

unknown person, to whom the promise was made, was the same from whom the consideration came, " for value received of him." The reference here is manifestly to the payee, and suppose the promise had been in terms directly to " him," without inserting any name, could there be any doubt of the right to explain by parol testimony what was the meaning of the parties in making the word " him." The word " him " is a pronoun used for a noun before stated, indicating a person. If the note, instead of using the word " him," had used its equivalent, " the said Waddell," the matter would not have needed explanation.

In *Bradley* v. *The W. A. & G. Steam Packet Company*, 13 *Pet.* 99, Mr. Justice Barbour summarizes the rule as follows : " Sometimes it has been applied to deeds, sometimes to wills and sometimes to mercantile and other contracts. In some cases it has been resorted to in order to ascertain which of several persons was intended ; in others, which of several estates. In some to ascertain the identity of the subject; in others, its extent. In some to ascertain the meaning of a term, where it had acquired by use a particular meaning ; in others, to ascertain in what sense it was used, where it admitted of several meanings. But in all the purpose was the same—to ascertain by this medium of proof the intention of the parties, where, without the aid of such evidence, that could not be done, so as to give a just interpretation to the contract," &c.

In the *United States* v. *Hardyman*, 13 *Pet.* 178, it was held, that these words in a note " with interest at the rate of one M. per centum " could be explained by parol testimony, showing that the letter " M. " meant " mill."

In *Baldwin* v. *Bank of Newbury*, 1 *Wall.* 234, a note was made payable to O. C. Cole, " cashier," without indicating the bank of which he was " cashier," held that parol testimony was allowable to show that he was " cashier " of plaintiffs' bank, and that in taking the paper he was acting as " cashier " and agent of that corporation.

In *Kinney* v. *Flynn*, 2 *R. I.* 319, there was an acknowledgment of indebtedness in these letters and words, " I. O. U. the sum of $160, which I shall pay on demand to you." It was held that parol evidence was admissible to show the person to

whom it was addressed. In our case of *Davega* v. *Moore,* 3 *McCord* 482, the instrument was a promissory note payable " to order " without mentioning the name of any payee, and it was held that, like a note payable to a fictitious person, it might be recovered by any *bona fide* bearer thereof.

Leave was given in both cases to offer other evidence, and the defendants, respectively, may, if so advised, make the questions of presumed payment from lapse of time and as to the note being a confederate transaction, without prejudice.

The judgment of this court is that the judgment of the Circuit Court, in each of the cases stated in the title, be affirmed.