## D. W. ALDERMAN & SONS' CO. v. WILSON.

RIGHT OF WAY—REAL PROPERTY—SALE—INJUNCTION—CONTRACT—OP-
TION.—A writing under seal in consideration of one dollar and five
dollars per annum when a tramroad or railroad is located on the
land, and selling by the usual terms of bargain and sale used in
a deed an "exclusive right of way for tramroads or iron railroads
over and across all that tract of land * * * for a term of twenty-
five years," with general warranty, confers exclusive rights of way
for twenty-five years, becomes effective and irrevocable at its exe-
cution, and grantee is entitled to a permanent injunction against
a third party who has purchased a right of way of grantor since
the execution of said writing and with notice thereof to prevent
him from locating a railroad across grantees' right of way. The
provision that grantor after expiration of twenty-five years may
retain the right of way as long as he desires upon payment of stipu-
lated amount annually, confers a mere privilege or option and does
not effect the rights already granted.

Before ALDRICH, J., Florence, July, 1904. Affirmed.

Action by D. W. Alderman & Sons Co. against Thomas
Wilson. From judgment for plaintiff, defendant appeals.

*Messrs. Willcox & Willcox,* for appellant, cite: *The in-
strument is a revocable license:* 23 S. C., 16; 1 Wash. Real
Prop., 148; Clark on Con., 46, 50, 51; 4 Kent., 85; Bain. L.
of M. & Min., 301; McAdam on Landlord and Tenant, 51;
54 S. C., 430; 56 Am. Dec., 204; 25 Am. Dec., 470; 17
Wal., 384; 4 Am. Dec., 257.

*Messrs. Wilson & Durant,* contra, cite: *Right of plaintiff
is an easement for a term of years:* 1 L. R. A., 248; 19 L. R.
A., 127; 3 S. C., 168. *Consideration is sufficient:* 40 S. C.,
450; 33 S. C., 175; 29 A. & E. R. R. Cas., 545. *License
cannot be revoked after consideration paid:* 11 Rich., 624;
109 Ind., 586; 23 S. C., 16; 1 L. R. A., 487; 4 L. R. A.,
276; 6 L. R. A., 159; 10 L. R. A., 484; 11 L. R. A., 134; 7
L. R. A., 152; 110 Ind., 490; 116 Ind., 257; 113 Ind., 233,
460; 23 L. R. A., 231; 52 L. R. A., 140.

March 9, 1905.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is the second appeal in this case.   The first appeal was from an order granting a temporary injunction (69 S. C., 156), and the second is from the final decree granting a permanent injunction.   The appellant's exceptions are as follows:

"I. His Honor, the presiding Judge, erred, it is respectfully submitted, in holding that the instrument in writing signed by Maggie Jones and D. W. Alderman & Sons' Co., and in evidence as exhibit 'A,' is not a license, but that it is a present sale and conveyance of a right of way for the time specified; ;whereas, he should have held that said paper conveyed nothing more than a mere license revocable at the will of Maggie Jones.

"II. His Honor erred, it is respectfully submitted, in holding that the instrument in writing signed by Maggie Jones and D. W. Alderman & Sons' Co., and in evidence as exhibit 'A,' cannot be revoked by Maggie Jones; whereas, he should have held that said paper constituted nothing more than a mere license, and that the same was revoked by Maggie Jones by the conveyance to the defendant of a right of way over and across the right of way described therein.

"III. His Honor erred, it is respectfully submitted, in holding that the plaintiff, before he had exercised the rights which he acquired under the instrument in writing signed by Maggie Jones and D. W. Alderman & Sons' Co., in evidence as exhibit 'A,' owned any property right in the right of way therein described, which could entitle it to an injunction; whereas, he should have held that plaintiff's rights under said instrument in writing become effective only when the privilege granted thereby is exercised by the construction of a railroad along the lines described therein, and that previous to such construction of such railroad, plaintiff had no right or property in the Maggie Jones land which can entitle it to an injunction, or to any right to take possession

thereof, or to exclude Maggie Jones or her grantee there-from."

The agreement set out as exhibit "A" is as follows:

"The State of South Carolina, Florence County. This agreement made and entered into this 30th day of January, 1902, by and between Maggie Jones, of the above named State, and county of Florence, of the first part, and the D. W. Alderman & Sons' Co., a corporation created under the laws of South Carolina, with principal office at Alcolu, Clarendon County, S. C., of the second part, witnesseth, that for and in consideration of the sum of one ($1.00) dollar, paid to the party of the first part by the said party of the second part, the receipt whereof is hereby fully acknowledged, have granted, bargained, sold and released, and do hereby grant, bargain, sell and release unto the said party of the second part, its successors or assigns, exclusive rights of way for tramroads or iron roads, over and across all that tract of land, situated in said State and county of Florence, known as the Hartwell Carmon tract, and bounded as follows: * * * containing thirty (30) acres, more or less, for a term of twenty-five years from date, and for as many years after the expiration of the said twenty-five years as the said party of the second part, its successors or assigns, may wish to retain the said rights of way; provided the sum of five dollars be paid annually after the expiration of the aforesaid twenty-five years to the said party of the first part, her heirs, executors or assigns, by the said party of the second part, its successors or assigns. It is agreed that said tramroad or iron railroad shall run on northwestern side of tract between field and branch, and the party of the second part agrees to pay five dollars a year after the first train or railroad enters said land. It is also agreed that the said party of the second part, its successors or assigns, shall have the right to peacefully enter upon said land at any time and remove the iron rails or other materials used in the building of any tramroads or iron railroads, and any other material put upon said lands

by the said party of the second part; and the said party of the first part, for herself, and her heirs, executors, administrators or assigns, do covenant and agree with the said party of the second part, its successors or assigns, to forever warrant and defend the title of said described rights of way against her heirs, executors or assigns, and all parties claiming or to claim the same or any part thereof unto the said party of the second part, its successors or assigns. Witnessed under our hands and seals, this 30th day of January, 1902. Maggie Jones. (L. s.)    D. W. Alderman & Sons' Co. (L. s.)"

(Two witnesses.)

The words, "have granted, bargained, sold and released, and do hereby grant, bargain, sell and release unto the said party of the second part, its successors or assigns, exclusive rights of way for tramroads or iron railroads, over and across all that tract of land * * * for a term of twenty-five years," are sufficient to confer exclusive rights of ways over and across the lands therein mentioned for a term of twenty-five years. The words, "and for as many years after the expiration of the said twenty-five years as the said party of the second part, its successors or assigns, may wish to retain the said rights of way," merely conferred a privilege or option, and did not affect the rights which had already been granted. The warranty shows that it was not intended that the rights granted should be revocable at the will of the grantor. The rights of the plaintiff became effective and irrevocable at the time the contract was signed by the parties.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.