8824

MIDLAND TIMBER CO. v. J. F. PRETTYMAN & SONS *ET AL.*

(81 S. E. 484.)

LOGS AND LOGGING. SALES OF STANDING TIMBER. TIME FOR REMOVAL. CONSTRUCTION OF DEEDS.

1. Where a timber deed gave to the grantee 10 years in which to cut and remove timber, and provided that in case the timber was not cut and removed before the expiration of such period the grantee should have such additional time as it might desire, but that in such event it should, during such extension period, pay interest on the original purchase price annually in advance, the right to an extension was not conditioned upon the commencement of the cutting and removal within the first 10-year period.

2. Under such deed, the grantee was entitled to such an extension of time for cutting and removing the timber as it desired, and not merely to a reasonable time, since the deed was unambiguous and express, and as so construed not invalid.

3. A grant of standing timber with the usual easements relating thereto, and the grant of a permanent and exclusive right of way for a permanent railroad or tramway, may properly be made in the same instrument.

4. Under a timber deed providing that the grantee should have 10 years in which to cut and remove the timber, and that in case it was not cut and removed within such time, it should have such additional time therefor as it might desire, by paying annual interest on the original purchase price, drawn on a printed blank from which the provision relating to the commencement of the cutting and removal was stricken out, a further provision that the timber cut by the grantee for the purpose of opening, clearing, building, and constructing the railroads, tramways, etc., therein provided for, should not affect the time granted for cutting and removing the timber did not in any way limit the right to an extension of time, especially as it should be rejected as surplusage if, as was apparently the case, it was inadvertently left in the deed.

Before SPAIN, J., Berkeley, Fall term, 1913.    Affirmed.

Submission without action of controversy between the Midland Timber Company and J. F. Prettyman & Sons and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Plaintiff, claiming to own the timber conveyed by the deed mentioned in the judgment, contracted to sell it to J. F. Prettyman & Sons, and offered to convey the timber, but the purchaser declined to accept the title thereto because of its doubt as to plaintiff's right to demand an extension of time in which to cut and remove the timber. The third paragraph in the timber deed provided that the timber cut by the grantee, its successors or assigns, for the purpose of opening, clearing, building, and constructing the railroads, tramways, etc., thereinbefore provided for, should not affect the time granted for cutting and removing the timber conveyed under such deed. The decree below was as follows:

"The facts are succinctly set forth in the agreed case herein, and need not be repeated. The decision depends upon the construction of the timber deed, which is fully set forth in the agreed case. The crucial paragraph of the deed is as follows: 'Second. That the said second party, its successors or assigns, shall have, and the same is hereby granted to it and them, the period of ten years in which to cut and remove the said timber from the said land, and in case the timber is not cut and removed before the expiration of the said period, then that the said second party, its successors or assigns, shall have such additional time therefor as it or they may desire, but in the last mentioned event, the said second party, its successors or assigns, shall, during the extended period, pay interest on the original purchase price, year by year, in advance, at the rate of six per cent. per annum.'

"The defendants claim that the Atlantic Coast Lumber Company, the original grantee in the above mentioned deed, and its assigns, are not entitled to any extension of time beyond the first period of 10 years, which has expired, in which to cut and remove the timber in question, because they did not commence to cut and remove the timber within the first period. To adopt this construction, we would have to read into the deed a provision that the option or privilege of extension

therein granted was *conditioned* upon the commencement of the cutting and removal within the first period. Such commencement was not made a condition precedent by the terms of the deed itself, and there is nothing in the deed from which this might properly be implied. The Supreme Court of North Carolina, in the case of *Norfolk Lumber Co.* v. *Smith,* 150 N. C. 253, 63 S. E. 954, decided this point contrary to the contention of the defendants, on the ground that to hold otherwise would be against the clear intent of the parties. Further, it is conceded, as it must be, that if the cutting and removal had been commenced within the first period of 10 years, and any portion of the timber had been cut and removed, the option or privilege of extension would apply. This being so, it is entirely immaterial to the owner of the land whether the commencement of the cutting and removal takes place within the first period of 10 years or not.

"In the case of *Alderman & Sons Co.* v. *Wilson,* 71 S. C. 64, 50 S. E. 643, the Court had under consideration an instrument granting a right of way for a term of 25 years, 'and for as many years after the expiration of the said twenty-five years as the said party of the second part, its successors or assigns, may wish to retain said right of way.' The Court, through Mr. Justice Gary, now Chief Justice, held that the extension clause conferred a privilege or option, and did not affect the rights which had already been granted.

"The defendants further contend that if the grantee in the said timber deed, and its assigns, are entitled to any extension of time in which to cut and remove the timber, they are not entitled to such extension as they may desire, but that they are entitled to a reasonable time only. They rely, to some extent, upon the case of *Flagler* v. *Atlantic Coast Lumber Corporation,* 89 S. C. 328, 71 S. E. 849. In that case the timber company was given by the terms of the deed 10 years from

the time it commenced to cut in which to cut and
remove the timber, but the deed was *absolutely silent*
as to when the commencement of the cutting and removal
should take place.  The Court gathered from the language
of the deed that the parties had in mind some time for the
commencement of the cutting and removal, and that what
this time was 'the agreement fails to show.'   Hence the
Court held that the law would imply a reasonable time.  The
decision in this case does not touch the point involved in the
case at bar.   The Court, however, adheres to the principle,
well established in this State, that in the construction of a
timber deed the intention of the parties controls, provided
that intention can be gathered from the 'four corners of the
instrument' itself.   Where the instrument is express in its
terms there is no room for implication.  The language above
quoted from the deed under consideration, it seems to me, is
unambiguous and express in its terms.   The contention of
the defendants amounts to saying that, while the deed gives
to the grantee, its successors and assigns, the right to such
extension of time as it or they may desire, they are not enti-
tled to such time, but only to a reasonable time to be fixed
by the Court.   It is not the function of the Court to make
contracts, but to construe and enforce them.   The option or
privilege of extension can only be exercised by strict compli-
ance with its terms, and by the payment annually, in
advance, of the amount specified in the deed.   It is not given
gratuitously.   This construction of the deed seems clear
from the language used by the parties, which should prevail,
unless the contract is invalid as a matter of law.   At the
time the deed was executed, the owner of the fee had the
right to convey the timber without any specification as to
time whatever.   I see no reason why she could not sell the
timber with the right to remove it within a definite time, and
at the same time convey the privilege or option of an exten-
sion to be determined by the grantee, upon the condition that
he should pay a specific sum annually in advance.   Having

sold and conveyed to the grantee the option or privilege of fixing the extension, how can it now be said that the Court should fix it? If the deed had merely provided that the grantee should be entitled to some extension, then the doctrine of reasonable time might apply, upon the principle set forth in the Flagler case, *supra,* to effect an unexpressed intention of the parties. When the parties speak for themselves, the Court cannot imply.

"Defendants further contend that the grantee in the said deed and its assigns are not entitled to any extension of time, because Midland Timber Company, successor in title to the grantee, in the notice given to the landowner set forth in the agreed case, called attention to its claim of a permanent and exclusive right of way for a railroad. It is clear, from a reading of the deed that it contains two separate and distinct grants, one of the timber and the usual easements relating thereto, and the other of a permanent and exclusive right of way for a permanent railroad or tramway. Certainly, two or more grants may be made in the same instrument. A deed identical in this respect was before the Court in the case of *Jones* v. *Lumber Corporation*, 92 S. C. 418, 75 S. E. 698, and the Court held that the deed 'not only conveys the timber, but also the right of way for a permanent railroad.'

"The matter is one of interpretation simply. Of course the deed must be construed as a whole, but I find nothing in the deed taken as a whole which militates against the construction above set forth. It is contended, however, that paragraph 'third' of the deed tends to show that the extension of time should be limited. This clause was very applicable to a deed giving a certain term of years from the *commencement* of the cutting. The original deed in the case at bar was exhibited to me, and I find that it was drawn upon a printed blank used for deeds of that character, but the language relating to the commence-

ment of the cutting and removal was stricken out. If this clause was, as it seems, inadvertently left in the deed, and has no meaning in the deed as executed, it should be rejected as surplusage. See Devlin on Deeds, sec. 1016, for the general principle. But, aside from this, it does not purport to limit in any way the option or privilege or extension.

"It appears from the agreed case that Midland Timber Company, as the successor in title of Atlantic Coast Lumber Company, as the successor in title of Atlantic Coast Lumber 10 years, gave due notice to the owner of the land that it desired an extension of 10 years, and made the proper tender for the first year of this period, and thereafter, when due, the proper tender for the second year of the period. The plaintiff had thus, by its notice, fixed the duration of the extension. Even if the doctrine of reasonable time should apply in this case, there is no evidence whatever that the time desired by plaintiff is unreasonable. On the contrary, it appears to be reasonable.

"The question submitted to the Court must therefore be answered affirmatively. It is ordered, adjudged, and decreed, that the defendant, J. F. Prettyman & Sons, be, and it is hereby, required and directed to accept the title tendered it by Midland Timber Company, and to pay the purchase money as fixed by the contract; the costs to be paid as provided in the agreed case."

To this decree the following exceptions were taken:

Exceptions of J. F. Prettyman & Sons, defendant-appellant, for appeal to Supreme Court.

The defendant-appellant excepts to the decree of his Honor, Judge T. H. Spain, herein, dated October 6, 1913, filed October 9, 1913, in the following particulars, to wit:

1. Because his Honor erred in answering in the affirmative the following question propounded in the agreed case submitted to him, to wit:

"Has the Midland Timber Company, as the assignee and grantee for value of Atlantic Coast Lumber Company, its successors and assigns, the right to have the additional time desired by it in which to cut and remove the said timber from the said land, as set forth in the foregoing notice given by it to Emma A. Heape, provided payment is made by it, its successors, or assigns, annually in advance of the sum of· eighteen dollars, being interest on the original purchase price, at the rate of six per cent. during said additional time?" and in requiring the defendant-appellant to accept the title tendered to it; the error being that he should have answered the said question in the negative and should have held that the said defendant-appellant was not bound to accept the title tendered it, in that:

1. The plaintiff-respondent had no right to demand *any specific period of time* after the expiration of the first ten years granted by the contract in question, because the intention of the parties to the said contract, when construed in its entirety, was:

(a) That the cutting should at least commence within the first period of ten years, and it not having been so commenced, the grantee, or its assigns, lost its right to the timber, its title being defeasible upon nonperformance of this act within the time limited; (or)

(b) That ten years was a *sufficient* time in which to cut and removed the timber, and that the extension was obtainable (if this proved to be incorrect) only to *complete,* and it is incumbent upon the grantee or its assigns to show that the first period was *insufficient,* as a condition precedent to its right to demand *any extension;* (or)

(c) That ten years was a *reasonable* time in which to cut and remove, and to entitle the grantee, or its assign, to any extension it would first have to show the *unreasonableness* of the period so fixed; (or)

| Exceptions. | [97 S. C. |
|---|---|

(d) That .the grantee, or its assign, was to have only the right to demand, "from year to year," such time as it or they might desire for the purposes contemplated by the deed, and not any arbitrary fixed period.

2. The plaintiff-respondent had no right to demand *any specific period of time* after the expiration of the first ten years granted by the contract in question, because:

(a) The said contract provides for two periods, the *first* or *definite period,* and *the extension period,* and the parties clearly had in mind some reason for making a distinction between these two periods, and this reason or intention as gathered from the entire deed was:

(1) That the *cutting* should *commence within the first period,* with an *extended period* in which *to complete;* (or)

(2) That the *first period was sufficient* within which to *cut and remove,* with *an extended period* in which to *complete the work* upon the showing by the grantee of *insufficiency* of time; (or)

(3) That the *first period* was *a reasonable time* in which to cut and remove, with an *extended period* in which to complete the work upon the showing by the grantee of the *unreasonableness* of the time fixed in the said first period.

(b) The extension clause being for an *indefinite period,* the rule of "reasonable time," laid down in Flagler and McClary cases, must govern, and this reasonable time is to be computed:

(1) From the date of the deed; (or)

(2) From the expiration of the definite period (taking the definite period of time into consideration); (or)

(3) From the expiration of the definite period (without reference to the fixed period).

(c) The extended period is at most a lease for an *indefinite period,* and, therefore, a lease from year to year.

II. Because his Honor erred in answering in the affirmative the question propounded in the agreed case, and sub-

mitted to him (hereinbefore set forth), and in requiring the defendant-appellant to accept the title tendered to it; the error being that he should have answered the said question in the negative, and should have held that the said defendant-appellant was not bound to accept the title tendered it, in that:

The plaintiff-respondent (the assign of the grantee), even if it had the right to demand an extension for a definite period of time, lost this right by making a qualified or conditional tender to the grantor, because:

(a) The so-called permanent and exclusive right of way referred to in the contract in question, and designated in the tender as a grant "in fee simple," was not a grant in fee simple;

(b) The alleged grant of the so-called permanent and exclusive right of way is void:

(1) For uncertainty *as to location,* it not being designated or described in any way, and *as to time,* the right to locate being in no way limited in this respect;

(2) As against public policy, for if the grant is supported, the grantee would have the right to locate the right of way *"whenever and wherever* desired," which would, under the pretext of the grant of a *strip of land,* subject the *entire tract of land* to the permanent control of the grantee.

(c) It is apparent that the parties to the deed had in mind a *"timber contract,"* carrying the timber and such rights and easements as were necessary to cut, remove, and handle it, subject to certain limits as to time, etc., and that the grant of a permanent and exclusive right of way for a *permanent railroad* is foreign to the purpose of the deed, and should not have been construed as a grant in fee simple of such right of way.

III. Because his Honor erred in answering the said question in the affirmative, and not in the negative, and in requiring the defendant-appellant to accept the title; the error

being that he should have held that the grantee or its assign
had the right to an extension: (a) year by year *only,* or
(b) for "a reasonable time" *only* and that the said grantee,
and its assigns, had lost their right to the extension for
either of such periods, because no tender was made or
amount paid to the grantor upon either of these grounds,
and that demand, having been made for a *specified time,*
and not for an extension *year by year,* or for a *reasonable
time,* the grantor, for this reason, had a right to refuse such
tender.

Z. T. Pearson, one of the defendants-appellants, duly
served exceptions identical to the foregoing, which it is not
necessary to repeat, and also the following additional excep-
tions:

IV. Because his Honor erred in that he misconceived the
issue submitted to him in the agreed statement of facts, the
issue being not whether the Midland Timber Company, as
the assignee and grantee of Atlantic Coast Lumber Com-
pany, had the right to have additional time in which to cut
and remove the timber from the land referred to in the said
agreed statement, but whether the Midland Timber Com-
pany, as the assignee of the Atlantic Coast Lumber Com-
pany, had the right to have the additional time desired by it
in which to cut and remove the said timber from the said
land, as set forth in the notice given by it to Emma A.
Heape; and deciding that inasmuch as under the terms of
the deed of Emma A. Heape to the Atlantic Coast Lumber
Company, the said Atlantic Coast Lumber Company had
the right to have additional time after the expiration of ten
years from the signing of the said deed in which to cut and
remove the said timber, then that the asid assignee of the
said Atlantic Coast Lumber Company should have the right
to the particular extension demanded in the notice served
upon the said Emma A. Heape and incorporated in the
agreed statement of facts.

V. Because his Honor erred in deciding that the said Midland Timber Company was entitled to ten years' additional time from and after the 24th day of January, A. D. 1912, within which to cut and remove said timber, and to use and enjoy said timber rights, ways, privileges, and easements, whereas, under a proper construction of the second clause of the deed of Emma A. Heape to the Atlantic Coast Lumber Company, the said company, its successors or assigns, was granted a period of ten years in which to cut and remove the timber referred to in said deed from the said land, and in case the said timber was not cut and removed before the expiration of ten years from the date of said deed, then the said company should have such additional time therefor as it may have been desired, in the event, however, that the said company should pay during the extended period of time interest on the original price, year by year, in advance, at the rate of six per cent. per annum, provided, however, that it should appear (1) that the said company had not had a reasonably sufficient time in which to cut and remove said timber after it had commenced cutting the same, or (2) that the said company had not had a reasonably sufficient time in which to cut and remove the timber on adjacent lands, which it had purchased.

VI. That his Honor erred in not deciding that the said Atlantic Coast Lumber Company and the said Emma A. Heape had, by the deed referred to in the said statement of facts, agreed that the said company was to have ten years in which to cut and remove the timber referred to for, and in consideration of, the sum of money paid to the said Emma A. Heape, and had also agreed that the said Atlantic Coast Lumber Company should promptly remove the said timber after the expiration of the said ten years, and that the said interest on the original purchase price referred to in the second clause of the said deed was intended as a penalty or liquidated damages to be assessed against the said

Atlantic Coast Lumber Company in order to insure the prompt removal of the said timber, and in not deciding that the said company did not have the said ten years referred to in its notice served upon Emma A. Heape.

*Messrs. Legare Walker* and *Rembert & Monteith,* for appellant.

*Mr. Legare Walker* submits:

The question is, is the title tendered a good one, of which the following question is conclusive:

Can the Midland Timber Company compel a ten-year extension under the deed under consideration?

This resolves itself into two propositions, to wit:

1. *Did* the Midland Timber Company *ever have this right?* (and)

2. If so, *has it,* by its actions, *lost it?*

*Exception I* (with its subdivisions) seeks to show that *the right* to demand a definite extension *never existed.*

Exception II and III seek to show that *even if the right did at one time exist, it has now been lost,* and cites: *Construction of deed:* 66 S. E. 845; 23 S. C. 232; 89 S. C. 328; *Ib.* 183; 90 S. C. 176; 69 S. C. 364; 87 S. C. 566. *Deed uncertain as to rights granted:* 13 Rich. L. 72; 33 S. C. 367. *Testimony to explain admissible:* 20 S. C. 578; 40 S. C. 145; 75 S. C. 220. *Public policy:* 38 S. E. 26. *Different estates in same deed:* 92 S. C. 418; 4 Strob. 208. *Cases distinguished:* 12 Rich. 314; 80 S. C. 106; 61 S. E. 217; 89 S. C. 342; 71 S. C. 64. *Similar deeds:* 90 S. C. 153; 66 S. E. 843. *Reasonable time:* 42 S. E. 1040; 46 S. E. 24; 38 S. E. 26; 13 A. & E. Ann. Cases 1002, note; 111 Ga. 55; 36 S. E. 604; 63 S. E. 954; 14 N. C. 414.

*Mr. C. S. Monteith,* also for appellant, cites: 89 S. C. 328; 90 S. C. 153; 90 S. C. 176; and distinguishes 63 S. E. 954.

*Messrs. Willcox & Willcox, L. D. Lide* and *Octavus Cohen,* for respondent.  *Mr. Lide* cites: 89 S. C. 328; 34 L. R. A. (N. S.) 615; 63 S. C. 954; 70 S. E. 474; 12 Rich. L. 314; 80 S. C. 106; 55 L. R. A. 513; 90 S. C. 153; 73 S. E. 188; 71 S. E. 1123; 66 S. E. 843; 56 Ala. 566; 15 Pa. 371; 113 Mass. 103; 106 Va. 152; 25 Cyc. 1553; 57 S. E. 873; 40 Can. Sup. Ct. 557; 12 A. & E. Ann. Cases 913; 59 Miss. 588; 119 Am. St. Rep. 709; 15 L. R. A. (N. S.) 1123; 89 Miss. 588; 119 Am. St. Rep. 709; 38 S. E. 26; 42 S. E. 1040; 13 A. & E. Ann. Cases 1006; 18 A. & E. Enc. of L. 688; 87 S. C. 56; 71 S. C. 64; 69 S. C. 364; 14 Cyc. 1202; 75 S. C. 220; 92 S. C. 418.

*Messrs. Smythe & Visanska,* also for respondent, read the decree made in this case by Judge Shipp, May 23, 1912, printed in footnote to this case, and reversed, because of defect in parties, by this Court in 93 S. C. 13, and submit:

The questions presented to the Court for its decision are:

(1) Was it necessary for the protection of its rights under the contract for the plaintiff-respondent to commence cutting the timber within the first period of ten years?

(2) Did the plaintiff-respondent have the right to demand that the contract be extended for a fixed period, or was it only entitled to demand "from year to year" such time as it may desire?

(3) Did the plaintiff-respondent have the right to fix the extension period, or was it entitled to demand only a "rea-

---

Footnote—On the question of the time for the removal of timber, generally, see note in 55 L. R. A. 525. And upon the effect of reservation of right to remove timber within specified time, see note in 3 L. R. A. (N. S.) 649. And for the rights and remedies of landowner and owner of timber after expiration of time stipulated for removal of the same, see notes in 29 L. R. A. (N. S.) 547, and 47 L. R. A. (N. S.) 882. And as to whether timber sold or reserved without specifying time must be removed within reasonable time, see note in 46 L. R. A. (N. S.) 672.

sonable" additional time within which to cut and remove the timber?

(4) Does the language contained in covenant "Third" of the deed and contract show that it was the intention of the parties to limit the extension?

(5) Was the tender made by the plaintiff-respondent a conditional tender, and if so, did it thereby forfeit its rights under the deed and contract? and cite (1) 59 S. E. 543; 63 S. E. 954; (2) 79 S. E. 1096; 188 U. S. 646, 654; 131

ADDITIONAL FOOTNOTE.—The following is the Circuit decree by Judge Shipp, referred to in argument of Messrs. Smythe & Visanska:

Midland Timber Company,
        *Plaintiff,*
            *vs.*
J. F. Prettyman & Sons,
        *Defendant.*

### DECREE.

This is a controversy without action between Midland Timber Company, a corporation, plaintiff, and J. F. Prettyman & Sons, a corporation, defendant, in the nature of a suit for specific performance.

It appears from the agreed statement of facts that the plaintiff and the defendant entered into a valid contract in writing, by which the plaintiff contracted to sell, and the defendant contracted to buy, certain timber on a certain tract of land in the county and State aforesaid, together with the usual easements; and that under the terms of the said contract, the defendant was to have the term of ten years in which to cut and remove the said timber. The plaintiff acquired title to the timber in question from the Atlantic Coast Lumber Corporation, which acquired title by sundry mesne conveyances from Atlantic Coast Lumber Company, to which the timber was originally conveyed by one Emma A. Heape, by deed dated January 24th, 1902, this deed being set forth in full in the agreed case. The following is the portion of said deed relating to the time for cutting and removing the timber:

"Second. That the said second party, its successors or assigns, shall have, and the same is hereby, granted to it or them, the period of ten years in which to cut and remove the said timber from the said land, and that in case the said timber is not cut and removed before the expiration of the said period, then that the said second party, its successors or assigns, shall have such additional time therefor as it or they

Mass. 529; 531; 70 S. E. 474; 24 Cyc. 1000; 42 Atl. 778; 38 Hun. (N. Y.) 41; 36 Am. Dec. 150, note; 90 S. C. 176; (3) 63 S. W. 974; 12 Rich. L. 314; 80 S. C. 106; 71 S. C. 64; 89 S. C. 328; (4) 69 S. C. 364; (5) 75 S. C. 220.

*Mr. Octavus Cohen,* also for respondent, cites: *Reasonable time:* 119 Am. St. Rep. 709; 63 S. W. 974; 57 S. E.

---

may desire, but in the last mentioned event, the said second party, its successors or assigns shall, during the extended period, pay interest on the original purchase price, year by year, in advance, at the rate of six per cent. per annum."

Before the expiration of the period of ten years from date of said deed, to wit: On January 18, 1912, and at the expiration of the period of ten years from the date of said deed, to wit: On January 24th, 1912, the plaintiff, as the successor in title of the Atlantic Coast Lumber Company, gave the said Emma A. Heape notice in writing that it desired ten years additional time in which to cut and remove the timber in question, and tendered her the sum of eighteen dollars in legal tender for the first year of extended priod, but this tender was declined on both occasions. No part of the timber in question was cut or removed within ten years from the date of the deed. Thereafter, plaintiff tendered to the defendant a deed for the timber and easements in question in compliance with its contract, but the defendant declined to accept the title on the ground that it doubts the right of Midland Timber Company to an extension of ten years in which to cut and remove the timber, and further also doubts the right of the plaintiff to any extension of time whatever. The question submitted to the Court is, whether, under the terms of the deed made by Emma A. Heape to Atlantic Coast Lumber Company, and under the facts stated in the agreed case, Midland Timber Company, the plaintiff herein, has the legal right to an extension of as much as ten years from the 24th day of January, 1912, in which to cut and remove the timber in question, provided it makes the necessary payments annually in advance. If so, the defendant should be compelled to comply with its contract. If not, the defendant should not be compelled to comply. It, therefore, becomes the duty of the Court to construe the timber deed above mentioned.

Applying the principles of construction laid down by the Supreme Court in several recent cases, hereinafter more particularly referred to, the true intent and meaning of the deed seems to be that the grantee, for the purchase price therein mentioned, acquired title to the timber,

62; 127 Ga. 649.  *Construction of deed:* 90 S. C. 176; 70 S. E. 474; 154 N. C. 248; 131 Mass. 529; 89 S. C. 456.

April 23, 1914.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

For the reasons therein stated, the judgment of the Circuit Court is affirmed.

Messrs. Justices Hydrick and Fraser concur.

Mr. Justice Watts, *dissenting.*   I cannot concur in the opinion of the Chief Justice in adopting the decree of the Circuit Court as the judgment of this Court for the reasons

defeasible upon its failure to remove the same within ten years from the date of the deed; together, however, with the right to extend the time for cutting and removing the timber for such length of time as it might desire, but upon the express condition that it should pay a new and valuable consideration for each year of the said extended period annually in advance.  In other words, the first period of time was absolutely fixed, while the extended period by the express term of the contract, was left to the grantee to fix, but the longer time it elects, the greater amount it will have to pay.  This appears to be the meaning of the deed from the interpretation of its language.  It is the duty of the Court to construe contracts as they are written, unless they violate some established rule of law.  If this construction of the deed in question be correct, it would follow that the plaintiff is entitled to have the defendant comply with its contract.

The Supreme Court of North Carolina, in the case of *Bateman* v. *Kramer Lumber Company,* 70 S. E. 474, 34 L. R. A. (N. S.) 615, holds that the provision for an extension of time in a timber deed, conferring as it does a privilege and unilateral in its obligation, partakes to some extent, of the nature of an option, and, therefore, the grantee must strictly comply with its terms by notifying the grantor on or before the expiration of the specified period and tendering the stipulated amount.  This rule appears to be eminently just, and it is in accordance with the decision in the case of *Hill* v. *Burton Lumber Company,* 90 S. C. 176, 72 S. E. 1085.  I think the plaintiff has fully complied with

assigned by the Circuit Judge. This is the second appeal in
this case; the first appeal will be found in 93 S. C. 13, 75 S.
E. 1012. It is not necessary to consider the grounds of
appeal separately. The case was heard on the Circuit, on an
agreed state of facts, and in these facts the question of rea-
sonable time was not mentioned, and yet his Honor found
that the time desired by the plaintiff was not unreasonable,
but, on the contrary, appeared to be reasonable; he was

this rule. In the case of *Alderman* v. *Wilson*, 71 S. C. 64, 50 S. E. 643,
there was a clause in a right of way deed relating to the use of a right
of way very similar in its language to the clause now under considera-
tion, which the Court held conferred "a privilege or option."

The defendant contends, however, that the deed cannot be construed
as above for the reason that inasmuch as the cutting and removing of
the timber was not *commenced* within the specified period of ten years,
the grantee and its assigns have no right to any extension whatever.

It might suffice to say that such a construction of the clause in ques-
tion would tend to defeat the manifest intention of the parties gathered
from the language used. This deed is very different in its terms from
the deed construed by the Court in the case of *Flagler* v. *Atlantic Coast
Lumber Corporation*, 89 S. C. 328, 71 S. C. 849, where the period of time
began from the commencement of the cutting and removal. There is
nothing on the face of the deed in the case at bar which required the
grantee to commence cutting during the period of ten years. His
failure to commence, or complete if he did commence, would, of course,
determine his estate, unless he properly took advantage of the right to
an extension of time. A similar question was before the Supreme Court
of North Carolina in the case of *Norfolk Lumber Company* v. *Smith*, 68
S. E. 954, where the position was taken that the extension simply per-
mitted the grantee to remove, and not to cut and remove, and the Court
held, upon the second hearing of the case, that the grantee had the right
both to cut and remove for the period covered by the extension, "this
being the clear intent of the parties." The same doctrine was laid down
in the case of *Bateman* v. *Kramer Lumber Company, supra*. The deed
does not say that in case the cutting and removal of the timber is not
completed, the grantee may have an extension, but says "in case the
said timber is not cut and removed."

The defendant further contends that if the plaintiff is entitled to any
extension of time, it would only be entitled to a reasonable time, taking
the position that this is the logical result of the decision in the case of
*Flagler* v. *Atlantic Coast Lumber Corporation, supra*.

clearly in error in determining and deciding an issue that was not before him, and committing this Court by adopting his decree as the judgment of this Court to a decision and a policy that will be far-reaching in its effect and prejudge other cases of similar character. Each case must stand upon the particular facts and circumstances. In the case at bar the grantor granted the timber on the land, 324 acres, on

---

The following language from the case of *Butterfield Lumber Company* v. *Guy,* Miss., 46 So. 78, 15 L. R. A. (N. S.) 1123, upon the construction of timber deeds, is, I think, very apt in this connection:

"No topic in the law has been the subject of a greater variety of decisions than the one involved in this suit. Each case, in a large measure, must rest upon the interpretation of the particular contract under which it arises, since nearly every contract contains different terms. We can derive little benefit by a resort to the authorities of other States, because of the conflict of decisions. The only safe rule for this Court to follow is to give effect to the contracts which the parties themselves have entered into, interpreted according to the laws of this State as shown by former decisions dealing with this character of deed. The precise question presented has never been decided in this State."

The Courts of many States appear to hold that, apart from the language of the deed, there is a presumption of law that timber is to be cut and removed within a reasonable time, applying this principle even where no time whatever is specified for such cutting and removing. This, however, seems clearly not to be the law in this State. Our Supreme Court has held in the cases of *Knotts* v. *Hydrick,* 12 Rich. Law 314, and *Wilson* v. *Alderman,* 80 S. C. 106, 61 S. E. 217, that where no time is specified for the cutting and removal of timber, the owner of the timber cannot be required to cut and remove it within a reasonable time. The authority of these cases is expressly recognized in the Flagler case above referred to, the ground given for the decision of these cases being that "the deeds under construction failed to show by anything on their face, any intention on the part of the parties thereto of limiting the right to remove." In the Flagler case, the Court had under consideration a deed allowing the grantee a certain number of years in which to cut and remove the timber from the time he commenced to cut and remove. Nothing whatever was said in the deed as to when he should commence, but the language of the deed showed that the parties had in contemplation some time for the commencement of the cutting,

January 24, 1902, for $300, and granted "to it and them the period of ten years in which to cut and remove the said timber from the land, and in case the timber is not cut and removed before the expiration of the said period then that the second party, its successors or assigns, shall have such additional time therefor as it or they may desire, but in the last mentioned event, the said second party, its successors or

and the deed being *silent* as to the time of commencement, the law would imply that the commencement should be within a reasonable time, upon the well established principle "that things agreed to be done *inter partes* shall be done within a reasonable time." The Court adverts several times to the fact that this intention was to be gathered from the language of the deed itself. The gist of the decision is well expressed in the following language:

"Suffice it to say that we are of opinion that both by the inherent reason of the thing, as well as by authority, that the true rule is that whenever it is apparent in a contract that the parties had in view some time for the commencement of the removal of timber, which intent was not embodied in the terms of the contract, that the law will presume, and will enforce that such commencement of the removal of the timber shall be within a reasonable time from the date of the contract."

This Court also refers to the fact that it was argued in behalf of the timber company that "it lies solely within the discretion of the grantee to determine when he will commence," but the Court concluded from the language of the deed that this was not the intention of the parties. It seems to follow, however, that if this had been the intention of the parties, and they had so expressed themselves, the Court would have been bound to enforce such intentions.

In the case at bar, the extension clause leaves nothing to implication, but expressly says that the grantee shall have such additional time as it may desire, provided it complies with the conditions. I can conceive of no reason why such a contract should not be valid and binding. The grantor has expressly granted to the grantee the right to elect how much additional time it will take, provided it pays for the same. How could the grantor come in and say that while she gave this right to the grantee by the specific terms of her grant, the grantee cannot avail itself of the contract, but that the Court must fix the time? It seems to me that this would be substituting the contract of the Court for the contract of the parties. If it had simply appeared from the language of the deed that some additional time was in the minds of the parties, but that

assigns, shall, during the extended period, pay interest on the original purchase price, year by year, in advance, at the rate of six per cent. per annum." The agreed facts in the case show that no timber was removed from the land at all in the 10 years, but that the grantees, attempting to extend the time, on January 18, 1912, tendered to the grantor $18 and a notice in writing that they would pay the same each

---

neither party was given the right to fix the time, and the extent of the time was not expressed, then the Court might well say that a reasonable time would be implied upon the principle above mentioned, to wit: That the law implies a stipulation "that things agreed to be done *inter partes* shall be done within a reasonable time." But as Judge Duff well says in the case of *Beatty et al.* v. *Mattheson*, 40 Can. Sup. Ct. 557, 12 A. & E. Ann. Cases 913, "that rule must always yield where the terms of the instrument are on their true construction sufficient to manifest a contrary intention," and in this case such contrary intention would seem to be sufficiently manifested by the terms of the grant.

In the Flagler case, *supra*, the Court cites and follows the case of *Hall* v. *Eastman*, 89 Miss. 588, 43 So. 2, which was a case almost identical with the Flagler case, and in which the Court makes this significant language:

"We propose to decide in this case nothing but what this instrument presents for decision. This is not the case of a grant by A, owning both the land and the timber thereon, of the timber in fee simple, without qualification. We will construe that sort of an instrument when the case arises. This is not the case of a deed giving the grantee 'as long as he wishes' in which to remove the timber, nor the case of a deed giving the grantee the right to commence cutting when he pleases. This instrument is peculiar in its terms and express in its provisions."

That case and the Flagler case both cite as authoritative the case of *McRae* v. *Stillwell*, 111 Ga. 55, 36 S. E. 304. The Mississippi Court says in reference to it: "That case, like this, falls with the class of cases in which the instrument by express provision shows the intention to have been that the cutting should commence within a reasonable time."

I am aware that the case of *Young* v. *Camp Mfg. Co.*, Va., 66 S. E. 843, involves the construction of a clause very much like the one under consideration, and the Virginia Court holds that this clause should not be "literally construed," and that it confers upon the grantee a reasonable time only. I do not think, however, that this decision is authoritative in South Carolina, for the reason that the authorities upon which

year in advance for the period of 10 years, it being 6 per cent. interest on the original purchase price of $300.   I am decidedly of opinion that the decree of his Honor should be reversed, and the case remanded for the purpose of having evidence as to whether or not the grantees could have removed the timber within the 10 years allowed, and whether or not that was a reasonable time for that purpose,

---

the Virginia Court relies lay down principles relating to the construction of timber deeds which our Court expressly repudiates.   The Virginia Court cites the cases of *Hoflin* v. *Bingham,* 56 Ala. 556; *Boults* v. *Mitchell,* 15 Pa. 371, and *Hill* v. *Hill,* 113 Mass. 103, which are cases involving reservations of grants of timber without specifying any time for the removal of same, and which hold that the timber must be removed within a reasonable time.   All these cases are in direct conflict with the decision in the cases of *Knotts* v. *Hydrick,* and *Wilson* v. *Alderman, supra.*

The Court also cites *Duke* v. *N. & W. Ry. Co.,* 106 Va. 152, 55 S. E. 548, which holds that where a contract for the sale and delivery of cross-ties to a railroad company fixes no time for their delivery, the contract must be performed within a reasonable time.   The holding in this case seems manifestly correct, among other reasons, because it relates to a sale of personal property, but I do not see how this could be regarded as authority in a case involving the question of the removal of standing timber.

The Court also cited the case of *McRae* v. *Stillwell, supra,* but, as already shown, that case lends no support whatever to this doctrine.

The Virginia Court has, I conclude, based its decision upon premises which do not appear to be valid under the laws as laid down in this State, and gives no good reason why the language of the contract should not be construed according to its rational import.

I might add that, even if the plaintiff in the case at bar were only entitled to a reasonable time, it does not appear that the time desired by it is unreasonable.

The defendant also contends that, in any event, the plaintiff is simply entitled to an extension from year to year, and has no right to demand an extension of ten years.   It is sufficient to say, in regard to this, that the plaintiff by its tender has simply acquired the present right to an extension of one year, its right to a further extension being dependent upon the payment annually in advance of the amount specified, and the fact that the plaintiff has notified the grantor that it desires only ten

and if not, what would be a reasonable time? The deed contemplated some time to commence, and under our decisions the cutting must be within a reasonable time. In the absence of any testimony to the contrary, it appears to me that from a tract of land in acreage no greater than this, the parties could not have contemplated that it would take 20 years to remove the timber, and during all that time that the

years, cannot be objected by the grantor. Indeed, it would seem to be contemplated that at the expiration of the first period, the grantee should then notify the grantor of the maximum limit of time it desires, and in any view of the matter, I do not see how the grantor can be prejudiced by this notice.

Defendant raises the point that the following language, which will be found in the deed involved in the case at bar, immediately following the clause above construed, shows that it was the intention of the parties to limit the extension:

"The said first party agrees that the timber cut by the said second party, its successors or assigns, for the purpose of opening, clearing, building and constructing of the railroads, tramways, etc., as hereinbefore provided for, shall in no way whatsoever affect the time granted for cutting and removing the timber conveyed under this deed from the tract or tracts aforesaid."

I am unable to see how, in any view of the matter, this clause can have any effect upon the express language of the clause relating to the time for the cutting and removal of the timber. By consent of the parties, the original deed was exhibited to me, and I find that the deed was made upon a printed blank which had been used for deeds granting so many years from the time the grantee should commence to cut and remove, and these words were erased by drawing a pen through them, but the printed clause above quoted was not erased, probably through inadvertence. If the deed had read as the printed form did, that the grantee should have a specified time from the commencement of the cutting and removal, the clause in question was probably intended to mean that if the grantee should enter upon the land and cut timber for the purpose of building a railroad, this should not be construed to mean that the cutting of the timber has been commenced. There is another construction, however, which may be given to the clause, and that is, that it was intended to prevent the position being taken that the grantee, having entered upon the land and cut a portion of the timber thereon, will be held to have exhausted his rights, and will not be permitted to re-enter for this purpose. Subsequently to the execution of

owner of the land was deprived of the use of it, and had to pay taxes on it.    It should appear before we enforce specific performance that the extension asked for by the respondents was reasonable, and would not work damage, hurt, or injury to the appellants, and especially Pearson, the now owner, and if it does, and that he can be compensated in money, and

this deed, this point was made in the case of *Wilson* v. *Alderman,* but was not accepted by the Court.   But the fact that parties unnecessarily use language to prevent untenable positions being taken cannot prejudice them.   See the case of *Lewis* v. *Chemical Co.,* 69 S. C. 364, 48 S. E. 280.

Defendant further contends that even if the construction above set forth is correct, plaintiff has lost its right to any extension of time on the ground that its tender was conditional by reason of the following language contained in the notice set forth in the agreed case:

"It is, however, expressly understood that this notice of the intention and purpose of the said Midland Timber Company to extend the time within which to cut and remove the said timber, and to use and enjoy the said timber, rights, ways, privileges and easements, as aforesaid, is not intended, nor shall it be taken, to limit in any manner the grant in fee simple to the permanent and exclusive right of way as set forth in the aforementioned deed of conveyance executed by Emma A. Heape."

Defendant's position is that plaintiff has no permanent right of way.

The deed made by Emma A. Heape to Atlantic Coast Lumber Company appears to be a deed for certain timber situate upon certain land, together with the usual rights, ways, privileges and easements incident to the granting of timber.   In addition to this, the deed also contains the following clause:

"This deed further witnesseth that the said party of the first part does hereby also grant, bargain, sell and convey to the party of the second part, its successors or assigns, a permanent and exclusive right of way 90 feet wide, upon and across the tract or tracts of land described as aforesaid, and on all contiguous lands, to be selected and located by the said second party, its successors or assigns whenever and wherever so desired, to be used for a permanent railroad or tramway, or for any permanent branch railroad or tramway."

I think that the right of way granted in the clause just quoted is a separate and distinct grant from the rest of the deed.   I know of no rule of law, and no authority for such has been cited, which would prevent parties from making separate and distinct grants in the same instrument.   It appears to be perfectly obvious that the right of way granted by this clause has no reference whatever to the timber, because in the clause relating to the timber rights, the grantee is given the right "to build, construct, maintain and operate railroads, tramways, cart and wagon ways across said land on such routes as may be selected by the

justice and equity done to both sides without manifest injury to either, then that it may be done.    I do not think it necessary to go further and say anything that may handicap any one in any future litigation in reference to those timber grants, as each case must stand on its own merits, and in my opinion the most vital point in each case is the reasonable-

---

said second party, its successors or assigns * * * and to do any and all other things that may be necessary or convenient for the cutting, handling, hauling and removing of the timber aforesaid." The language last quoted would indeed be meaningless if the right of way referred to above related to the timber. Besides, the said right of way is expressly granted for the purpose of a permanent railroad. The right of the grantee to this permanent right of way would, it seems, exist after the timber was cut and removed, and whether the grantee cut and removed the timber or not. It is true, the notice refers to the grant of the right of way as being in fee simple, but so it is, for the purpose of a permanent railroad. If the right of way has not yet been located, this cannot affect the validity of the grant. The width of the right of way is specified in this deed, but it has been held that even where the width was not specified the grant of a right of way was valid. By the terms of the grant, the grantee is given the right to locate. There is no rule of law against this. It is true, it is suggested in argument, although not set forth in the case, that the right of way has never been located, but an unlocated right of way is valid, the only difference being that equity will not intervene to protect an unlocated right of way. See *Marion County Lumber Company* v. *Tilghman Lumber Company*, 75 S. C. 220, 55 S. E. 337.

It was doubtless unnecessary in view for any reference to be made to the right of way in the notice above referred to, but the fact that it was mentioned in the notice is immaterial, for it was probably mentioned to prevent any misunderstanding.

My conclusion is that "when parties have made lawful contracts in language leaving no doubt as to the intention, there was no ground for any interference by the Courts, but the contract must be enforced as written." The question presented in the agreed case, for the reasons set forth above, must be answered in the affirmative. It is, therefore,

Ordered, adjudged and decreed, that the defendant, J. F. Prettyman & Sons, be, and it is hereby, required to accept the title tendered to it by the plaintiff, Midland Timber Company, and to pay the purchase price as fixed by its contract; the costs of this case to be paid equally by the two parties thereto, as provided in the agreed case.

(Signed) S. W. G. SHIPP,
Florence, S. C., May 23d, 1912.                    Circuit Judge.
Reversed for defect of parties.    See 93 S. C. 13.

ness or unreasonableness of the time for removal.   In the former appeal in this case it was said, quoting from Mr. Justice Hydrick in *Marthinson* v. *McCutchen,* 84 S. C. 256, 66 S. E. 120: "It is well settled that specific performance rests in the sound discretion of the Court, and that the Court will not decree specific performance of hard and unconscionable bargains, or where the price is so grossly inadequate as to shock the conscience and raise a presumption of fraud (*Reese* v. *Holmes,* 5 Rich. Eq. 571), and certainly not where it appears that the contract sought to be enforced does not express the true agreement of the parties, either by reason of fraud, accident, or mistake.   The general rule is that to merit the interposition of the Court, it must appear that the contract is fair, just, and equitable.   *Cabeen* v. *Gordon,* 1 Hill Eq. 51; *Holley* v. *Anness,* 41 S. C. 354, 19 S. E. 646."

Under the facts as agreed on in this case, I do not think judgment should be affirmed, but reversed and remanded for testimony, as hereinbefore indicated.

MR. JUSTICE GAGE did not sit in this case.